Edgar J. Nathan, Jr., J.
This is a motion for an examination before trial of plaintiff pursuant to section 288 of the Civil Practice Act, in an action brought in this court by the United *470 States to enforce a claim arising under a contract of sale authorized by the Merchant Ship Sales Act of 1946 (U. S. Code, tit. 50, Appendix, § 1736, subd. [d], par. [3]).
The question of whether the United States may he required to submit to examination before trial under section 288 appears to be one of first impression in this court. Examinations before trial of the United States as a party are permitted in the Federal court under rule 26 of the Federal Rules of Civil Procedure (Fay v. United States, 22 F. R. D. 28; Warren v. United States, 17 F. R. D. 389). It has also been recognized that when the United States, as a suitor, invokes the jurisdiction of a court of law, it is subject to the same rules as any other party litigant (Moscow Fire Ins. Co. v. Bank of New York & Trust Co., 161 Misc. 903, affd. 253 App. Div. 710, appeal dismissed 278 N. Y. 709). This is also true with respect to the application of the rules of practice and procedure (United States v. Alexander, 47 F. Supp. 900).
Section 288 permits the pretrial examination of any party at the instance of any other party. In view of the status of the United States as litigant, it is not necessary to apply technical rules of construction to determine whether the Legislature intended the statute to apply to the United States. Having brought suit in the State court to enforce its claim against another, it stands in no different position than any other litigant and the rules of practice of this court apply to it unless specifically excepted by some rule of law.
Plaintiff urges that where the sovereign is an adverse party, section 288 of the Civil Practice Act and related sections, do not apply and it has been so held with respect to the State of New York (People ex rel. Port Petroleum Corp. v. Atlantic Coast Terms,, 2 A D 2d 153). It does not appear to what extent the decision in that case was based upon considerations of sovereignty. In any event, the United States is in a different category than the State of New York. Not only does it submit to examinations before trial in the Federal courts, but it voluntarily sought and thereby submitted to the jurisdiction of this court, and as a consequence, must submit to its rules and procedures. See the case of Republic of Haiti v. Plesch (195 Misc. 219, mod. on other grounds 275 App. Div. 804), where an examination before trial was permitted of a foreign sovereign when suing in this State.
Accordingly, the motion is granted and the examination shall proceed within the scope of rule 121-a of the Rules of Civil Practice, at Special and Trial Term, Part II of this court at the conclusion of the examination of defendant by plaintiff. The *471 production of books and records sought by defendant for use upon the examination includes what appears to he public records and is otherwise too broad in scope. Plaintiff shall produce all relevant books and records that are not public documents including but not limited to item 3.
Motion insofar as it seeks to modify the notice to examine defendant is granted to the extent of fixing the place of examination at Special Term, Part II of this court, on a date to be agreed upon by the parties, and if agreement cannot be reached, an order may be settled. Relevant records, excluding the log books, shall be produced and used pursuant to section 296 of the Civil Practice Act.