Daniel J. Carey, as Commissioner of Agriculture and Markets of the State of New York, Respondent, *v.* Standard Brands Incorporated, Appellant.

Third Department, February 6, 1961.

*Dunnington, Bartholow & Miller* (*Charles G. Pillon* and *Charles L. Stewart* of counsel), for appellant.

*Robert G. Blabey* for respondent.

HERLIHY, J. The Commissioner of Agriculture and Markets commenced this action for the purpose of enjoining the defendants from violating section 199-a of the Agriculture and Markets Law captioned " Prohibition as to adulterated or misbranded food ".

Section 38 of the law authorizes an application for an injunction to be made " on the part of the people ".

The defendant manufactured a gelatinous dessert and the complaint alleged a misbranding of the product.

After joinder of issue, the plaintiff moved and the defendant cross-motioned for an examination before trial pursuant to section 288 of the Civil Practice Act. At Special Term the motion was granted for plaintiff to examine the defendant but denied as to the motion of the defendant to examine the plaintiff.

That part of the order which denied defendant's application for a further bill of particulars is affirmed. The record discloses that the original bill of particulars is fully detailed and responsive to the demand in every reasonable aspect.

The determinative question on this appeal is whether the State is subject to the provisions of section 288 of the Civil Practice Act which outlines the procedure for the taking of depositions during the pendency of the action and before trial and which reads in part as follows: " Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action."

Special Term denied the application of the defendant to examine the plaintiff — Commissioner of Agriculture and Markets — on the authority of *People ex rel. Port Petroleum Corp.* v. *Atlantic Coast Terms.* (2 A D 2d 153). In that case an application was made to examine officers and agents of the State and this court interpreted section 288 to " hold that authority does not exist to direct the examination here sought " (p. 155) on the grounds that the section does not provide or authorize the examination of the State through its officers and employees when the State is a party plaintiff.

While the construction is a very narrow one, there is other precedent for such holding. (*Commissioners of State Ins. Fund* v. *Lapidus,* 182 Misc. 368.) It is also noted that in order to take

the deposition of a corporation, joint stock association, or other unincorporated association as an adverse party, it was necessary to add section 289 to the Civil Practice Act and to provide for an examination of a public corporation, it was necessary to add section 292-a. The Court of Claims Act, to permit such examination, was implemented by the addition of section 17. (*Goergen* v. *State of New York,* 6 A D 2d 974.)

In *City of Buffalo* v. *Hanna Furnace Corp.* (305 N. Y. 369) in an opinion by Judge FULD, it was determined that the part of section 288 which authorizes the taking of a deposition of any *other person* was applicable to State employees but stated (pp. 376–377) : '' There is a settled distinction between the examination of a *party* and the examination of ' any *other person* ' as a witness before trial.'' (Emphasis supplied.)

It has been held that a foreign sovereign when suing in our State courts is subject to the provisions of section 288 (*Republic of Haiti* v. *Plesch,* 195 Misc. 219, mod. as to limitation of examination 275 App. Div. 804) and also that the United States of America is subject to the rules and regulations of our State courts when it submits to such jurisdiction. (*United States of America* v. *Michalinos Maritime & Commercial Co.,* 17 Misc 2d 469.) Such determinations are not criteria for the present case as the conclusions arrived at are based on the premise that having voluntarily submitted to the jurisdiction of our State courts, the Government *must* submit to its rules and procedures. The lower court also observed that under the Federal practice, an examination of the United States of America in a Federal action was permitted.

There is no logical reason to explain why when the Legislature amended the Court of Claims Act to include examinations before trial that a similar amendment to the Civil Practice Act was not enacted applicable to the other State courts. We are confronted, however, with the fact that any extension of section 288 has been by legislative enactment and we must therefore reluctantly reaffirm that there is no statutory authorization permitting pretrial examination of the State as a party in a civil action in our Supreme Court. It is an anomalous situation which apparently can only be corrected by an act of the Legislature. (*Rucker* v. *Board of Educ. of City of N. Y.,* 284 N. Y. 346, 348.)

It is difficult to reconcile the reason for the State receiving immunity as it apparently was not the intention of the section to give the State preferred treatment. It is a canon of construction that a sovereign authority is presumptively not intended to be bound by its own statute unless named therein if the statute

tends to restrain or diminish the powers, rights or interests of the sovereign (*Guarantee Co.* v. *Title Guar. Co.*, 224 U. S. 152) but this presumption is intended only as an aid to consistent constructions of statutes of the enacting sovereign *when their purpose is in doubt.* (*United States* v. *California,* 297 U. S. 175, 187.)

The presumption that the sovereign is not bound by its own statutes is overcome in this State by section 1206 of the Civil Practice Act which provides: '' The proceedings in an action brought in behalf of the people are the same as an action by a private person, except as otherwise specially prescribed by statute or rule.''

The State having instituted this action in the Supreme Court cannot claim sovereignty as to any subsequent proceedings as there is nothing in section 288 which gives it preferred treatment as a sovereign as distinguished from a '' party ''.

Section 35 of the Agriculture and Markets Law which gives the Commissioner the right to apply for injunctive relief also provides that before making any application to the court, the Commissioner shall conduct investigations and hearings to determine if there have been any violations and an examination before trial should not be granted for the purpose of aiding such investigation. The Commissioner sets forth in his affidavit that after the institution of the present action, there was a change in the dessert formula used by the defendant, which fact would warrant granting the examination.

In the present condition of crowded and congested court calendars, the widespread practice by lawyers of having examinations before trial pursuant to section 288 *et al.* of the Civil Practice Act has become a necessity in seeking to expedite not only trials but in many instances such examination has been a decided factor in effecting settlement of litigation out of court. It is unfortunate that a barrier has been created and precedent established which mandates legislative action to expand the workability of the section but this court feels bound by the doctrine of *stare decisis* in determining that the State of New York is not a *party* subject to examination pursuant to the section. It is not for the courts to correct omissions or defects in legislation. (*Triborough Bridge & Tunnel Auth.* v. *Crystal & Son,* 2 N Y 2d 961, 963.)

The appellant contends that if it cannot examine the State then it should not be subject to examination by the State.

The subject matter does not concern itself with who does the examining, but rather with who is to be examined. The plaintiff is a party to this action and as such, has the right to invoke the

benefits of the section. That the statute has been determined to be not sufficiently inclusive so as to make the plaintiff herein a party to be examined is of no import. Such determination may sound illogical and unjust and, no doubt, it is, but we conclude that the State as a party has the right to examine the defendant not by the authority of section 288 but rather that the defendant is subject to examination pursuant to section 289. This section was formulated to overcome, as to corporations, the limitation placed upon the word " party " in section 288 and it applies to a " party " to be examined as distinguished from a " party " seeking to examine. Accordingly, the defendant is subject to examination before trial.

Here, we are concerned with the statutory construction of section 288 of the Civil Practice Act and which legal concept is distinguishable from that which changes a rule of law established by judicial precedent as enunciated in *Woods* v. *Lancet* (303 N. Y. 349, 355) and *Bing* v. *Thunig* (2 N Y 2d 656, 663–667).

The order should be affirmed.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Order affirmed, with $10 costs.