BERTHA SACKS et al., Respondents, v. GREYHOUND CORPORATION, Appellant.— Appeal from an order of the Supreme Court, Sullivan County, granting respondents' motion pursuant to section 324 of the Civil Practice Act to allow discovery and inspection of a statement made by respondent to a lawyer in the employ of appellant. Respondent, Bertha Sacks, was allegedly injured when a bus operated by appellant in which she was riding as a passenger en route from San Diego, California, to New York State stopped abruptly causing her to be

thrown from her seat. Respondent immediately notified the bus driver of the occurrence, and at the next stop, Effingham, Illinois, the driver summoned a local lawyer in the employ of appellant. This lawyer proceeded to interrogate respondent for at least 20 minutes about the alleged accident, and a transcript of the interview was taken by a stenographer who accompanied the lawyer. It is this transcript which respondent seeks to examine. Appellant's position is that inspection can be had pursuant to section 324 only when the material sought to be examined can be introduced into evidence citing *Bassney* v. *Erie R. R. Co.* (24 Misc 2d 350). In our opinion the position advanced by appellant is too limited. The trend today is toward a more liberal pretrial disclosure practice (see *Sturner* v. *Cook*, 16 A D 2d 735). As stated in *Mudge* v. *Hughes Constr. Co.* (16 A D 2d 106, 107): "The provisions of the statute (Civ. Prac. Act, § 324) for pretrial discovery and inspection are to be liberally applied to advance 'the desired objective of an open and fair trial' (*Beyer* v. *Keller*, 11 A D 2d 426, 428). 'The purpose of the legislation was to promote the presentation of the facts in aid of justice, so that parties would not need to go blindly into a trial with no knowledge of what evidence might develop. Such methods of procedure facilitate a trial and aid in seeking the truth upon which justice should be based'. (*Reiss* v. *Kirkman & Son*, 242 App. Div. 77, 79; also *Petruk* v. *South Ferry Realty Co.*, 2 A D 2d 533.) In fact, it is expressly provided by rule that 'the court shall make such an order with respect to the discovery and inspection as justice requires'. (Rules Civ. Prac., rule 141.)" In *Beyer* v. *Keller* (11 A D 2d 426), the First Department reversed the position it had taken in *Urbina* v. *McLain* (4 A D 2d 589) that only documents which were introducable as evidence-in-chief were subject to inspection and held that a statement which the mother of the plaintiff had given was discoverable even though it could not be used as evidence-in-chief pointing out that if the prior statement was inconsistent with her testimony at the trial it would be brought before the trier of the facts by way of impeachment. We agree with the court below that the fact the statement here sought to be examined was not signed is of no import. While admittedly the majority in *Beyer* talks about the presence of special circumstances which are perhaps more compelling than those present here, in *Wilhelm* v. *Abel* (1 A D 2d 55) this court specifically denied the necessity of special circumstances. (See *Totoritus* v. *Stefan*, 6 A D 2d 123, where the First Department followed *Wilhelm*; see, also, the dissenting opinion in *Beyer*, 11 A D 2d 426, 428 *et seq.*, which finds in the majority opinion an abandonment of the special circumstances rule.) We are not unmindful, however, that this statement was taken without aid of counsel (see *Totoritus* v. *Stefan*, *supra*) and at a time when respondent was conceivably still feeling the effects of the accident. We cannot agree with appellant's argument that discovery should be denied because it will afford respondent an opportunity to conform her testimony to what she said immediately after the accident. It seems evident that any material discrepancies could not be covered up in such a manner. Further the possibility that certain minor discrepancies might be avoided must be balanced against the effect of allowing liberal discovery on the speedy and efficient disposition of cases. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.