Domenick L. Gabrielli, J.
While the plaintiff Walker was confined to a hospital as a result of injuries sustained in an accident which is the subject of this litigation, a statement was taken from him by a representative of the defendant. Prior to *1099 the time suit was instituted, the conductor of the train involved in the accident filed a report of the accident with the defendant. Subsequent to suit, the defendant’s surveyor made certain sight-distance readings and made a written report thereof to the defendant.
The plaintiff Walker seeks an order requiring that he be furnished with a copy of the statement he made and that copies of the other two reports be produced upon an examination before trial. In connection with these requests, the defendant requests that if the court directs the defendant to supply this plaintiff with a copy of his statement, such shall be done after he has testified at the examination before trial.
The statement sought is a transcript of an interview between this plaintiff and a representative of the defendant. It is in question-and-answer form. The fact that this statement is unsigned is of no consequence. The statute (CPLR 3101, subd. [e]) refers only to a party’s “ own statement ”, and there is no requirement that it be signed. (Sacks v. Greyhound Corp., 36 Misc 2d 989, affd. 18 AD 2d 747.) The provision for pretrial discovery and inspection is to be liberally applied to advance the desired objective of an open and fair trial.
The plaintiff Walker’s motion requesting that he be furnished with a copy of the statement made by him, is granted without any limitation that it be done subsequent to the examination before trial. This should be done forthwith. (See Stella v. Eastman Kodak Co., 12 A D 2d 890; Mead v. New York Cent. R. R. Co., 9 A D 2d 861; CPLR 3101, subd. [e].)
The motion of the plaintiffs for an order requiring the production of the report of the conductor is granted. (See Mudge v. Hughes Constr. Co., 16 A D 2d 106; Scheer v. City of Syracuse, 41 Misc 2d 1060; De Vito v. New York Cent. R. R. Co., 32 Misc 2d 494, affd. 3 A D 2d 692; Zdonczik v. Penn & So. Gas Co., 35 Misc 2d 735, affd. 18 A D 2d 749.)
It appears that the “ sight-distance ” report was made in anticipation of and preparation for suit. The motion of the plaintiffs is, in that regard, denied.