Richard J. Cardamone, J.
The plaintiff, State of New York, has moved pursuant to CPLR 3042 to vacate the defendants’ demand for a verified hill of particulars, and has also moved to vacate discovery and inspection notices served by the defendants upon it.
The plaintiff, 'State of New York (hereinafter referred to as State), commenced this action against the eight defendants who are the Plumbers Association in the City of Syracuse as well as a number of plumbing contractor corporations and individuals engaged in the plumbing and heating contracting business. The action was instituted pursuant to article 22 of the General Business Law of the State of New York (commonly known as the Donnelly Act) by the service of a summons and complaint on each of the defendants during December, 1964, and January, 1965. The complaint charges that “ For many years, the exact date being unknown to plaintiff, and continuing up to the date of the complaint, defendants and co-conspirators did and still continue to contract, agree, arrange, combine and conspire between and among themselves to restrain competition and the free exercise of business, trade and commerce in the building construction industry in the State of New York for the purpose of establishing and maintaining a monopoly in, and unlawfully interfering with and restraining the free exercise of business, trade and commerce in the State of New York, all in violation of Article 22 of the General Business Law of the State of New York.”
Among other allegations, the State charges the defendants with a conspiracy and unlawful concert of action, the substantial *189 terms of which were £ ‘ to oppose the single contract and adopt the separate contracts system of bidding for all public building construction projects”. Also alleged in the sixth paragraph are allegations to the effect- that the defendants and co-conspirators did boycott, “ by refusing to and refraining from bidding to general contractors and by refusing to and refraining from selling and/or installing plumbing and other equipment for public building construction projects let or to be let under a single contract ”; that they did “ exert influence upon public agencies, general contractors * * * to oppose the single contract and adopt the separate contracts system of bidding for public construction projects ”; and that the defendants “ should boycott by refusing to * * * bid on projects which did not include within the plumbing contract all work ‘ classified ’ by defendants * * * as plumbing work ”; and, “to eliminate competition”. The complaint further alleges that the defendants, “ (a) Discussed refraining from bidding * * * on single contract projects to be let * * * by the State University Construction Fund # * at Syracuse Plumbers Association meetings; (b) Advocated and * * * preached # * disadvantages of the single contract method * * * (c) Defendant Association * * * was represented at meetings * * * where it was resolved to advance the use of the separate contract method of awarding jobs; (d) * * * attended * * * meetings at which not bidding to general contractors on * * * single contract projects was determined to be a highly effective means of defeating the single contract method of awarding jobs * * *. (g) Refrained from submitting bids to general contractors for various State University Construction Fund single contract projects including the following: Alfred Heating Plant, Cobleskill Library, Oswego Field House, Potsdam Science Building, and refrained from submitting bids * s * on Cornell Physical Science Building and the Harpur College Dormitory; (j) Coerced, compelled * * “ that plumbing contractors * * * withdraw from the bidding on the Wetzel Road Elementary School project on the grounds that the architect did not include certain items such as kitchen equipment in the plumbing contract; (1) The local plumbers union sent to the sole plumbing contractor who did not withdraw from the bidding, a non-member of defendant association, a letter warning him that if he should subsequently accept contracts such as the Wetzel Road Elementary School contract, it is ‘highly possible ’ that his union agreement ‘ will be terminated ’
*190 The plaintiff, State, asks in its complaint for perpetual injunctive relief against the defendants to restrain and prohibit them from continuing to carry on their course of conspiracy and restraint of business. It also asks that the defendant Masters Plumbers Association be ordered to repeal certain enumerated by-laws which it claims are violative of -section 340 of the General Business Law and, further, for a second cause of action, the State asks for penalties of $50,000 against each corporation defendant and $20,000 against each defendant who is a natural person pursuant to the provisions of article 22 (General Business Law, § 342-a).
The defendants’ answer is a general denial as to the first and second causes of action set forth in the plaintiff’s complaint. In a series of seven affirmative defenses the defendants allege that any action it has taken here is in the reasonable exercise of business judgment. More specifically, the defendants allege in their defenses as follows: first defense, that they have legally relied upon numerous ¡State and local laws enacted and enforced by the plaintiff State in the conduct of their business; second defense, that the plaintiff seeking equitable relief is not entitled to the same since the plaintiff has acted arbitrarily and capriciously in the letting of contracts for the State University Construction Fund; third defense, that the complaint fails to state a meritorious cause of action because of the application of the facts to section 340 of the General Business Law which renders that section of the law void under the First Amendment of the United States Constitution and article I of section 8 of the New York State Constitution, both of which guarantee freedom of speech, and other violations of the State and Federal Constitutions are alleged; fourth defense, the defendants further allege that the complaint fails to state a cause of action due to the fact that any actions of the defendants which occurred prior to September 1, 1961 and April 4, 1962, cannot be the subject of a cause of action because they had violated the prohibition against the enactment of ex post facto legislation contained in article I of section 10 of the United -States Constitution; fifth defense, that the complaint fails to state a cause of action due to the fact that the second cause of action is barred by -the Statute of- Limitations; sixth defense, that the defendants have acted in good faith without any intention to violate any of the applicable laws of the State of New York.
The defendants served notices for an examination before trial returnable on March 29, 1965, together with certain notices for discovery and inspection returnable the same day and time and in their notices made a request to obtain copies of statements *191 of defendants Markert, Duke and Pearson, pursuant to CPLR 3101, subd. (e). It is these notices which the plaintiff seeks to vacate. It is the State’s contention that the defendants’ notice for an examination before trial of the general managers, trustees, etc., of the State University Construction Fund, a public benefit corporation, is improper because: (a) these individuals are not employees of the State of New York but, rather, are employees of the State University Construction Fund, which is a public benefit corporation; (b) because there is no statutory or other authority for examination before trial of the State even if these individuals are determined to be employees of the State of New York; and, (c) because the notice for examination before trial is vague and constitutes “a fishing expedition”; (d) because the documents demanded to be presented at the time and place are in possession of nonparties. The State has also moved to vacate the discovery and inspection requested by defendants on the grounds that: (a) the State is not subject to disclosure: (b) the action is governed by the procedures set up in the General Business Law (art. 22) and not by the CPLR; (c) that the material in the hands of the plaintiff State is: (1) privileged, (2) confidential, (3) prepared for litigation, (4) represents an attorney’s work product; (e) that the requests for “ statements ” should be denied because the so-called “ statements ” are depositions given at a hearing and under oath and are not discoverable; (f) that the information is otherwise available or it is already in the defendants’ possession; and (g) that the demand for discovery and inspection was ‘1 prolix, vague, and constitutes a fishing expedition”. The State specifically moves to vacate the demand made by the three defendants to obtain copies of their own statements on the grounds that: (a) the State is not subject to disclosure, (b) the General Business Law imposes criminal sanction for unauthorized disclosures, (c) they are not statements but depositions, (d) that defendant Pearson is not “ a party to this action ”, (e) that the depositions in the State’s hands constitute a work product of an attorney, material prepared for litigation and is privileged and confidential, (f) that the testimony of defendants Markert, Duke and Pearson is peculiarly within their own knowledge.
The plaintiff State also moves to vacate the demand of the defendants for a bill of particulars on the following grounds: (1) that the complaint amply states all of the particulars; (2) that the demand includes evidentiary matters which cannot be obtained in a bill of particulars; (3) that the particulars of the overt acts under the applicable law (General Business Law, art. 22) could not be furnished; (4) that the facts are peculiarly *192 within the defendants’ knowledge; (5) that the demand, requesting 600 items, creates an unfair burden for the plaintiff to comply with; (6) that much of the material demanded is irrelevant and immaterial; (7) that the demand asks for the names of witnesses which the defendants are not entitled to in a bill of particulars; (8) that the so-called Donnelly Act (General Business Law, art. 22) specifically prohibits the release of the information demanded by the defendants herein under claim of criminal sanction; (9) that what is demanded is: (a) attorney’s work product, (b) privileged, (c) confidential, and, (d) material prepared for litigation; and, (10) there is no statutory authorization to obtain these documents from the State.
It is the defendants’ contention that the examination before trial of the trustees, agents and employees of the State, together with the documents which were directed to be produced at such examination, as well as the discovery and inspection, are absolutely essential to the defendants in order for them to adequately prepare their defense to the State’s actions. The defendants argue that they are entitled to be in a position to narrow the issues and discover which of the matters generally alleged in the complaint form the basis and nexus of the complaint so that they will not be required to spend substantial time and considerable expense to ferret out what they assume the State deems essential. Finally, the defendants urge that if their demands and requests are vacated the defendants will be severely prejudiced and will be 11 unable to properly defend the action, the trial will be constantly harassed by untimely surprises, and by the overwhelming handicap of not being acquainted with the basis and facts surrounding the complaint ”.
The basic question presented here is whether the State of New York is subject to the provisions of article 31 of the CPLR just as any other “ party” in a Supreme Court action. This question should be answered in the affirmative for a number of reasons. First, CPLR 1303 provides: ‘ ‘ Except as otherwise specially prescribed by statute or rule the proceedings in an action brought by the state shall be the same as in an action by a private person”. Except for the inversion of the sentence and the use of the word “ state” instead of the words “in behalf of the people ” this provision of the CPLR is identical to its predecessor, section 1206 of the Civil Practice Act. Disclosure, which covers the testimony taken by depositions, admissions, discovery and inspection, is now governed by article 31 of the CPLR. That article contains no provisions limiting or insulating its effect upon the State. The clear, unequivocal language of CPLR 1303 can be read to mean nothing other than *193 the fact that the State is to be treated as any other private person when it brings an action in the Supreme Court. Indeed, this court can conceive of no more explicit way of expressing that intent.
Second, it was the clearly expressed intention of the draftsmen of the CPLR that the State be treated as any other private person in actions which are brought in the Supreme Court. The First Preliminary Report of the Advisory Committee on Practice' and Procedure, dated February 1, 1957, states, at page 114: “ The proposed act * * * should provide that the state is subject to disclosure ”. A similar comment is contained in the same report at page 437. The Third Preliminary Report of the Advisory Committee on Practice and Procedure, dated March 1, 1959, sets forth at page 390 the exact language which has now been adopted in CPLR 1303. The same language is contained in the Final Report of the Advisory Committee on Practice and Procedures, dated January 4, 1961, at page A361. Further, “ it was the Advisory Committee’s strong feeling that the State should not be treated differently from other litigants unless it was essential to do so ”. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 3101.26.)
Third, the State relies heavily on the decision in Carey v. Standard Brands (12 A D 2d 233 [3rd Dept., 1961], affd. 12 N Y 2d 855 [1962]) in its contention that the State is not subject to disclosure. The Appellate Division, Third Department, reached its conclusion in that ease that the State was not subject to examination before trial with the greatest reluctance. It concluded that it was bound by the doctrine of stare decisis, and, that it was not up to the court to correct omissions in legislation. (Carey, supra, p. 236.) Stare decisis is a governmental policy that principles of the law should be fixed and’ definite whenever possible. In the context of the case and at the time that it was decided (1961), there were good and compelling reasons for the conclusion reached. Since that time, however, the CPLR has been enacted and has become effective (Sept. 1, 1963) and its purpose is best expressed in CPLR 104: ‘ ‘ The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding”. The enactment of the CPLR was intended to correct and resolve the anomalous situation cited in Carey (supra) at page 235: “ We are confronted, however, with the fact that any extension of section 288 has been by legislative enactment and we must therefore reluctantly reaffirm that there is no statutory authorization permitting pretrial examination of the State as a party in a civil action *194 in our Supreme Court. It is an anomalous situation which apparently can only be corrected by an act of the Legislature.” It is to be noted, moreover, that in its memorandum decision affirming the Appellate Division the Court of Appeals specifically did not answer certain certified questions which concerned the point here raised. (Carey v. Standard Brands, 12 N Y 2d 855, 857 [1962].)
Fourth, the excellent analysis of the law regarding the right of a claimant for inspection in an action brought against' the State in the Court of Claims contained in Schmiedel v. State of New York (14 A D 2d 33 [4th Dept., 1961]) held that the claimant was not entitled to such an inspection in that court in the absence of any statutory authority. That decision stated the law as to the right of inspection in a proceeding pending in the Court of Claims where the State is a defendant and did not pass upon actions in the Supreme Court brought by the State of New York as a plaintiff. The enactment of the CPLE has brought about a different result in Court of Claims cases. The Appellate Division, Third Department, the same court which decided Carey v. Standard Brands (supra) in affirming Di Santo v. State of New York (41 Misc 2d 601 [1963], affd. 22 A D 2d 289 [1964]) at page 290 stated: “we must conclude that the drafters of the CPLE intended that article 31 should apply to actions in the Court of Claims. The CPLR is not intended to limit but rather to liberalize the former practice and this decision is in accordance with such intent ”. This view of the CPLE as it applies to the Court of Claims actions has also been adopted by the Appellate Division, Fourth Department (the same court that decided Schmiedel [supra]) in Jansen v. State of New York (24 A D 2d 551) and Backman v. State of New York (24 A D 2d 550).
Fifth, on the basis of logic, if the State of New York as a party defendant in the Court of Claims is now subject to discovery under article 31 of the CPLE, certainly it should be subject to it when it brings an action as a plaintiff in the Supreme Court. Further, on the grounds of fairness and justice, the clearly expressed purposes intended to be accomplished by the CPLE in eliminating illogical and unjust results should not be subverted by permitting the State as a plaintiff to have the benefit of article 31 of the CPLE and yet deny the defendants the same rights in the same action. Such an interpretation would retain the anomaly which permits State employees to be examined as witnesses (City of Buffalo v. Hanna Furnace Corp., 305 N. Y. 369 [1953]) and requires the United States when it is plaintiff in the Supreme Court of New York as well as foreign sovereigns *195 to "be subject to the same rules regarding discovery as any other person. (United States of America v. Michalinos Mar. & Commercial Co., 17 Misc 2d 469 [1959]; Republic of Haiti v. Plesch, 195 Misc. 219 [1949], mod. 275 App. Div. 804 [1949].)
It is, therefore, the conclusion of this court that the State of New York is subject to discovery and inspection just as any other private person under the applicable provisions of article 31 of the CPLR.
CPLR 101 provides: “ The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.” This expresses a clear legislative intent and the provisions of article 22 of the General Business Law do not set up any separate and distinct procedures inconsistent with the broad purposes of the CPLR. The argument advanced by the Attorney-General that he is not subject to any disclosure in an action instituted in Supreme Court because the statute (General Business Law, § 343) prohibits him from releasing any information without obtaining his own permission appears to this court to be specious. In this kind of a proceeding the Attorney-General is an administrative officer. (Matter of Davies, 32 Misc. 1, 6 [1900], affd. 168 N. Y. 89 [1901].) As such, since he has chosen to bring this proceeding as a civil action in the Supreme Court, he is subject to all the provisions of the CPLR. Implicit is the fact that he will be responsive to any appropriate procedural requirements of the CPLR, and, will accordingly direct and permit the release of such information as is customary and required under article 31 of the CPLR. Any other conclusion would serve to defeat the liberal construction of the CPLR mandated by CPLR 104. The Attorney-General could have chosen to institute a criminal proceeding rather than the pending civil proceeding. There is no merger of the two (CPLR 106) and having chosen the former he is bound by all the procedural rules of the CPLR governing civil proceedings in the Supreme Court.
The notice to take depositions upon oral questions under article 31 of the CPLR will be limited to such person or persons having a knowledge of the facts alleged in the complaint. The books and papers to be produced pursuant to CPLR 3111 as contained in the defendants’ notice in paragraphs No. 1, No. 2, and No. 3 shall be limited to only such books, papers and records in the possession, custody and control of the plaintiff as appear necessary and relevant during the course of the oral deposition. The oral depositions should be scheduled to he held in the office of the Attorney-General or such other convenient place as may he *196 agreed upon between the parties, consideration being given to the convenience and accessibility of the necessary books, papers and records in the plaintiff’s possession which are to be produced by it as provided herein. Items No. 4, No. 5 and No. 7 in the defendants’ notice are to be stricken. Item No. 6 is the proper subject for discovery and such records as the plaintiff has in connection with No. 6 shall be furnished to the defendants. (CPLR 3103, subd [a].) The parties may find it necessary to implement this determination by means of the provisions of CPLR 3104, if they are so advised. The notice for discovery and inspection, pursuant to CPLR 3120 is permitted as to item No. 1. (Sacks v. Greyhound Corp., 18 A D 2d 747 [3d Dept., 1962]; CPLR 3101, subd. [e].) Item No. 2 should be stricken. Item No. 3 is to be furnished only if the defendants can certify that they have no copies of the documents previously submitted by them to the plaintiff. Item No. 4 will be stricken as its language is too broad and may well encompass material prepared for litigation and/or an attorney’s work product. (CPLR 3101, subd [a], par. [4]; 3101, subds. [c], [d]; CPLR 3103, subd. [a].)
Similarly, the State of New York should furnish to the defendants, a bill of particulars. (State of New York v. Biggane, N. Y. L. J., April 5, 1965, p. 16, col. 3, affd. 24 A D 2d 705 [1st Dept.]; CPLR 3041.)
It is the understanding of the court from the oral argument of counsel for the respective parties that an acceptable form of demand for the bill of particulars would be agreed upon. If the form of the demand cannot be agreed upon, the same should be submitted for determination.
Accordingly, the plaintiff’s motions to vacate the defendants’ demands for a verified bill of particulars and to vacate discovery and inspection notices served by the defendants upon it are respectively denied except as provided herein.