Jerome B. E. Wolff, J.
The plaintiff instituted an action against the defendants pursuant to article 15 of the Real Property Actions and Proceedings Law, claiming title to property located in the Town of Fayette, Seneca County, New York, by virtue of deeds from Homer B. Reigle, the grantor, ard title which was derived through prior conveyances and the original letters patent. The defendants, by their answer, claim that the plaintiff’s title is subject to the prior possession of the defendants by virtue of adverse possessions which they have asserted in the past and now assert in the present, and that the State of New York has had an interest and has claimed an interest in the said property, and furthermore, that the prior letters patent, which were granted to the predecessors in title of the plaintiff, did not convey the property known as “ Canoga Island,” and that, therefore, the defendants claim adversely as against both the plaintiff and the State of New York.
This action has progressed to the point where now the defendants are asking by way of motion that the State of New York be made a party to the said action under article 15 of the Real Property Actions and Proceedings Law. The State contends that the defendants have no legal right or standing under article 15 in order to make the State of New York a party of this action. Furthermore, the State of New York contends that if they are made a party to the present action, they would be placed in a position whereby they would have to litigate the action and the initial parties herein would benefit by the State’s litigation and presentation of evidence.
The plaintiff in its complaint states that the State of Nbav York has expressed an interest in the said property by virtue of a letter from the Department of Public Works. The defendants state that the original letters patent did not include the said property, that is, “ Canoga Island,” and that the said property is unappropriated by the State and that they have held adversely as against the State and the plaintiffs.
The first question presented is whether or not the defendants have a right by virtue of their position in this action to move *870 that the State of New York be brought in as a party under an article 15 proceeding. Section 1501 of the Real Property Actions and Proceedings Law, in subdivision 1 as to who may maintain an action, states ‘ ‘ Where a person claims an estate or interest in real property ’ ’. It has been undisputed at this point by both the plaintiff and the State of New York that the defendants have had possession of “ Canoga Island ” for a period of upwards of 60 years. Possession of real property in and of itself does not establish ipso facto title to the real property. Title to real property is not rendered unmarketable purely on the ground that title rests upon adverse possession, especially where possession has been for an extended length of time without any adverse claims. (Freedman v. Oppenheim, 187 N. Y. 101; Wanser v. De Nyse, 188 N. Y. 378.)
1 ‘ It is well settled that an owner in possession has a right to invoke the aid of a court of equity at any time while he. is so the owner and in possession, to have an apparent, though in fact not a real incumbrance discharged from the record and such a right is never barred by the Statute of Limitations. It is a continuing right which exists as long as there is an occasion for its exercise.” “ The owner of real property who is in possession thereof may wait until his possession is invaded or his title is attacked before taking steps to vindicate his right. A person claiming title to real property but not in possession thereof must act affirmatively and within the time provided by the statute. Possession is a continuing right as is the right to defend such possession. So it has been determined that an owner of real property repossession has a continuing right to invoke a court of equity to remove a cloud that is a continuing menace to his title.” (Ford v. Clendenin, 215 N. Y. 10, 16, 17.)
Any determination of fact or statutory limitation of time to be made by the court does not preclude an action under article 15 of Real Property Actions and Proceedings Law. (§ 1501, subd. 2.)
There is no question that the State of New York can he made a party to this action and, furthermore, the State has surrendered its immunity. (Real Property Actions and Proceedings Law, § 1541.)
Where a person or persons in possession of real property have their claim to the real property controverted and, especially, in the instant casé where the claim of adverse possession is used in order to establish the claim or title to that property there is even a more cogent reason for bringing the State of New York into the present action. Article 15 of the Real Property Actions and Proceedings Law is the culmination of a successive *871 group of real property statutes and decisional law. Basically this section was enacted in order to establish a “ clearing house” for a final determination of claims to real property. The intention of the article is to place the court in a position where through its equity jurisdiction it can terminate adverse claims to property and enter an order so as to provide a conclusive title to one of the parties involved. It has been held that a determination under article 15 is in the nature of a declaratory judgment. (Niagara Falls Power Co. v. White, 292 N. Y. 472 and Gifford v. Whittemore, 4 A D 2d 379.)
There is no question, that from a perusal of all the pleadings of both the plaintiff and defendant that they both realize and can foresee that the State of New York will eventually claim “ Canoga Island,” and, if it does not do so and elects to remain in the background, it will perpetuate a cloud on the title forevermore. The claim of adverse possession can also be used under section 1501 as a claim to real property in conjunction with CPLR 211 (subd. [c]) in order to prevent the State from claiming property after the Statute of Limitations has run.
Therefore, in order to avoid multiplicity of suits and the delay of ascertaining whether or not the State is to make a claim to the said property, it is better to equitably determine all adverse claims now in one action to carry out the true underlying intention of article 15 and provide a conclusive determination as far as all parties are concerned, once and for all.
As to the questions of whether or not the State of New York should disclose to the parties herein any information which they may necessitate and whether their agents and officers must submit to an examination by the parties herein, should be answered in the affirmative. The State has already evidenced an interest in the said property and is to be made a party in this proceeding. The State of New York has surveyed the said property in question and there is available a survey or surveys of this specific tract of land. A survey was made quite recently.
To agree with the State’s contention that only in the Court of Claims can they be examined, would destroy the intention of article 15 and the broad equity jurisdiction of the court under section 1511 of the Real Property Actions and Proceedings Law. The technical aspects of ascertaining descriptions outlined in the various conveyances and surveys; and the interpretation of the letters patent; and the locations of the defendants’ cottages, would be thwarted, and the proof and issues would become prolonged, if the State would be allowed to remain aloof from any disclosure or examination,
*872 The court has already allowed disclosure and examination under CPLR in the case of the State of New York v. Master Plumbers Assn. (47 Misc 2d 187) as contra to the State of New York v. Boar’s Head Provisions Co. (46 Misc 2d 759).
In the instant case, the court finds that in order to fulfill the equity jurisdiction of the court and effectuate the complete presentation of the technical problems involved herein, that the State shall provide each of the parties with any and all surveys which were made of the property in question and submit the surveyors, agents and officers of the State that have participated in the survey or surveys of the said property within the past 10 years and who may have pertinent knowledge or any other facts pertaining to this tract of land.
The survey or surveys shall be supplied to the parties herein by the State on or before June 15, 1967, and all examinations shall be completed on or before July 30, 1967, and a complaint served upon the State on or before August 31, 1967. Conversely, the State also has a right to all surveys made by any of the parties hereto and any examinations that they may wish. All examinations shall be completed, and all surveys shall be delivered on or before August 31, 1967, in order that the proceeding can be commenced in the November Term of court.