Joseph Life, J.
The plaintiff is a former employee of the defendant Patron Transmission Co., Inc., and by virtue thereof he had been a participant in its Employees Retirement Trust Fund. The Fund (and not the Trustees of the Fund) is named as a second defendant.
Plaintiff seeks a declaratory judgment determining his rights under the trust instrument. The answer of the defendants contains denials in various forms to the allegations of the complaint; alleges in an affirmative defense that plaintiff lost his *201 rights as a participant in the Fund by virtue of his conduct while an employee, and then in a counterclaim seeks a judgment to the effect that plaintiff in the circumstances of his discharge from employment ceased to have any right in the Fund.
Plaintiff served a notice to discover and inspect a tape recording of a telephone conversation between plaintiff and another person which took place in or about September, 1965 and defendants move for a protective order to deny the discovery request. Defendants urge that after that tape recording was made plaintiff was continued in their employ and it was as a result of acts occurring subsequent to the making of the recording that plaintiff was ultimately discharged. However that may be, inevitably the recorded conversation of September, 1965 will become a matter of evidence at the trial of the action. In addition, the allegations of the breach of his agreement are general in nature and not confined to acts occurring subsequent to September, 1965 (defendants’ answer, par. 15 et seq.).
The Court of Appeals has directed that the words ‘ ‘ material and necessary” as used in CPLR 3101 (subd. [a]) should be liberally applied in the interest of advancing the search for truth and the disposition of lawsuits and where the information is sought for rebuttal or for cross-examination it should be considered material to the prosecution or defense of the suit (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403).
Furthermore, we believe that discovery should be permitted pursuant to CPLR 3101 (subd. [e]), for the plaintiff seeks a copy of his own statement. That section provides in unequivocal language that a party may have a copy of his own statement. Why should a limitation be engrafted upon it simply because in most instances such statements have been sought in negligence actions Í The fact that the statement was recorded, rather than written and signed by the plaintiff, should make no difference (cf. Maffeo v. Comtois, 55 Misc 2d 779). The statement is the plaintiff’s, of which he seeks a copy so that he may be apprised of its contents in his preparation to meet the issues of the trial. The motion for a protective order is denied.