■ IRVING KAYE, Respondent, v. M & J ASSOCIATES, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, defendant M & J Associates appeals from an order of the Supreme Court, Kings County, dated July 11, 1974, which (1) denied its motion to compel plaintiff to furnish it with a copy of written statements obtained by or on behalf of plaintiff from one or more of said defendant's employees and (2) granted plaintiff's cross motion for a protective order with respect thereto. Order reversed, with $20 costs and disbursements, appellant's motion granted and plaintiff's cross motion denied. It is well settled that any written statements made by a party's employees to an opposing party may be obtained by discovery procedure, where such party-employer is a corporation (CPLR 3101, subd. [e]; *Magee* v. *Faymour Development Co.*, 32 A D 2d 811; *Briggs* v. *Spencerport Road Plaza*, 19 A D 2d 943; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.56), as well as where it is an assocation (cf. *Smith* v. *Robilotto*, 27 A D 2d 684). Hopkins, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.

■ AUDREY LOUMEAU, Appellant, v. DENNIS FINNERAN, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered November 30, 1972, in favor of defendant, upon a jury verdict at a trial on the issue of liability. Judgment affirmed, with costs. No opinion. Latham, Acting P. J., Christ, Benjamin and Munder, JJ., concur; Shapiro, J., dissents and votes to reverse and grant a new trial, with the following memorandum: I dissent on the ground that the trial court committed error in refusing to charge, as requested, on the effect of defendant's falling asleep while driving and its bearing on the issues of negligence and contributory negligence.

■ ROBERT G. MILLER, Doing Business as ACME FACTORS, Respondent, v. YARDARM CLUB HOTEL, INC., Appellant, and IRVING TENENBAUM, Receiver-Respondent.—In an action to foreclose three mortgages on real property, the corporate defendant appeals from an order of the Supreme Court, Nassau County, dated December 11, 1972 and entered in Suffolk County, which, *inter alia*, (1) settled the receiver's account and (2) allowed him a fee, as attorney for himself, as receiver, in the amount of $2,500. Order modified, on the facts, by (1) deleting from its third and fifth decretal paragraphs the figure "$2,500.00" and inserting in its place the figure "$1,000" and (2) by deleting the figure "$540.60" from its fifth decretal paragraph and inserting in its place the figure "$2,040.60". As so modified, order affirmed, without costs. The amount awarded as counsel fees was excessive to the extent indicated herein. Martuscello, Latham, Christ and Benjamin, JJ., concur; Gulotta, P. J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERARD CHILLI, Appellant.—Judgment of the Supreme Court, Kings County, rendered May 21, 1974, affirmed (*People* v. *Matra*, 42 A D 2d 865). Martuscello, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.