OPINION OF THE COURT
Aaron E. Klein, J.
Defendant Rose Del Pezzo moves under CPLR 3101 (subd [e]) to obtain notes of an oral conversation taken by a private detective employed by plaintiffs Nevins concerning defendant Rose Del Pezzo’s recollection of an accident between her automobile and a motorcycle driven by infant plaintiff Scott Nevins on May 8, 1977.
Plaintiff resists defendant’s discovery request urging via affidavit of Rudolph Richini (the detective employed by plaintiff who interviewed Rose Del Pezzo) sworn to December 2, 1977 that no signed or unsigned statement by Rose Del Pezzo *87 was retained by plaintiff. Apparently detective Richini wrote a statement for Rose Del Pezzo to sign, but was required by Rose Del Pezzo’s parents to return all copies of the statement.
Thus, plaintiff in this motion, seeks to recover a copy of defendants’ detective’s recollection of Rose Del Pezzo’s statement concerning the subject accident.
Courts dealing with discovery have apparently not dealt with whether a summary of a party’s statement by a private investigator falls within the CPLR 3101 (subd [e]) rule that "A party may obtain a copy of his own statement.” In Kandel v Tocker (22 AD2d 513, 514) then Presiding Justice Breitel held that " 'the accident report and statements, photographs, diagrams, etc. relating to the accident made prior to the commencement of this action’ ” as part of a defendant’s report of an accident to his insurer required by a liability insurance policy are not properly discoverable. In Kandel (supra, p 518), a distinction was drawn between reports to a liability insurer and reports to a fidelity insurer. In Post v Great Eastern Mgt. Corp. (52 AD2d 761), the court held the question of discoverability of employees’ statements obtained by a detective agency turned on whether the statements were taken in preparation for litigation or in the regular course of business.
Turning from requests for general investigative matter to specific requests for parties’ statements the court finds that signed or unsigned statements by a party have been held discoverable, see, e.g., Maffeo v Comtois (55 Misc 2d 779, 780) where Justice Pennock of this court said: "A statement may be oral, stenographic or written and whether it is signed or not is of no significance on a motion for discovery (Sacks v. Greyhound Corp., 18 AD 2d 747).”
In Saccente v Toterhi (35 AD2d 692), the First Department majority in a 3 to 2 decision held that photographs taken by a representative of defendant’s insurance carrier shortly after the accident and before plaintiff obtained an attorney were properly discoverable, and described by Special Term "as visual or photograph statements made by plaintiff.”
This court believes that as a practical matter there is little distinction between a summary of a party’s statement prepared by an investigator, and the statement itself. The court concurs with the basic principle expressed by the Saccente v Toterhi (supra) majority "permitting discovery here is consonant with the modern trend toward allowing full disclosure and construing narrowly limitations, particularly where no *88 prejudice is shown. (See 3 Weinstein-Korn-Miller, N.Y. Civ. Prac., par. 3101.56; Montgomery Ward Co. v. City of Lockport, 44 Misc 2d 923.)”
Accordingly defendant’s motion to discover the summary of her statement prepared by plaintiffs’ detective is granted.