OPINION OF THE COURT
Arthur D. Spatt, J.
Motion by defendant Compass Metalurgical Company, Inc. (Compass) for an order vacating the note of issue and striking this action from the calendar, and seeking further discovery; and the cross motion by plaintiff for a protective order, are determined as set forth below.
Movant contends that this action is not ready for trial on the grounds that (1) plaintiff has not responded to a demand for witnesses, (2) the witness produced for deposition by plaintiff had no knowledge on the issue of damages, and it was agreed that plaintiff would produce a further witness, and (3) the plaintiff’s attorney has refused to produce “statements” from the employee of defendant Compass.
Plaintiff’s counsel contends that it “does not have an eyewitness to the incident in question”; that it produced the plaintiff’s superintendent for business who testified at an examination before trial on August 5, 1981, and that the transcript of his deposition contains 87 pages; that there was never an agreement on the plaintiff’s part to produce another witness for deposition; and, with regard to the request for copies of “statements” taken from the *705 defendant or its employees, that it is “impossible for plaintiff’s attorney to verify the authenticity of any writing contained in its file”.
Thus, a novel argument is presented as to the “statements” of movant’s employees which may be in the plaintiff’s possession. Defendant contends that “it was impossible for plaintiff’s attorney to verify the authenticity of any writing contained in its file”. Stated simply, plaintiff says it has" some documents that may be “statements”, but it cannot confirm that the documents are “statements” without identification by Compass’ employees.
CPLR 3101 (subd [e]) provides that “[a] party may obtain a copy of his own statement.”
It is clear that any written statement made by a party’s employees to an opposing party may be obtained by discovery procedure, where such party employer is a corporation. (Kaye v M. & J. Assoc., 46 AD2d 894; 3 Weinstein-KornMiller, NY Civ Prac, par 3101.56.)
A statement may be oral, stenographic or written and whether it is signed or unsigned is of no significance in a motion for discovery. (Sacks v Greyhound Corp., 18 AD2d 747; Maffeo v Comtois, 55 Misc 2d 779.) Among the type of “statements” that have been held to be discoverable are a transcript of an interview between plaintiff and a representative of the defendant (Walker v Erie-Lackawanna R.R. Co., 43 Misc 2d 1098); a tape recording (McKenzie v McKenzie, 78 AD2d 585; Chase v Patron Transmission Co., 61 Misc 2d 200); photographs of a party taken by the adversary (Saccente v Toterhi, 35 AD2d 692); and the notes of plaintiff’s private detective concerning defendant’s recollection of an accident (Nevins v Del Pezzo, 94 Misc 2d 86).
In this case, the vague assertions of plaintiff’s counsel as to his difficulty in identifying certain documents as “statements” will not bar movant’s clear statutory right to obtain copies of any statements by its employees. A simple remedy is for this court to review the “statements” or any documents in doubt, in camera. If the court finds that any document is a “statement”, a copy shall be furnished to movant.
*706 That portion of this motion to compel the plaintiff to appear for a further deposition is denied. Defendant Compass has failed to establish its contention that plaintiff agreed to produce further witnesses after the first deposition. Plaintiff’s attorney denies that such is the fact, and the movant did not affix a copy of the transcript or other document which would corroborate its assertion.
Accordingly, this motion by defendant Compass to strike this case from the calendar, is denied upon the following conditions:
(1) The plaintiff is directed to serve a proper formal response to movant’s demand for witnesses dated September 3, 1980, within 10 days after service of a copy of this order upon plaintiff’s counsel. (See Hoffman v Ro-San Manor, 73 AD2d 207; Foremost Ins. Co. v 3 Grace Ave., 58 AD2d 590; Wolf v Davis, 108 Misc 2d 19; King v O’Connor, 103 Misc 2d 607.)
(2) The attorneys for all parties are directed to be present for an in camera inspection by the court of all “statements” or such similar questionable documents in the possession of plaintiff or its counsel, to be held at my chambers in Supreme Court, Nassau County, on April 20, 1982, promptly at 9:00 a.m. At this in camera inspection, defendant Compass may, if it wishes, produce witnesses or evidence that the documents in question are “statements” of its employees.
(3) In all other respects, this motion is denied.