OPINION OF THE COURT
John R. Tenney, J.
In this medical malpractice action, defendants have moved to dismiss the complaint for plaintiffs’ failure to timely comply with the "notice of * * * medical * * * malpractice” requirement of CPLR 3406 (a). In the alternative, they have also moved for an order of preclusion based on certain allegedly insufficient answers to a demand for bill of particulars and on a failure to comply with a demand pursuant to CPLR 3101 (d).
*926 Plaintiffs’ counsel admits unfamiliarity with the recently enacted requirements of CPLR 3406 and has now supplied a proposed notice. While the statute is phrased in mandatory terms ("Not more than sixty days after issue is joined, the plaintiff * * * shall file”), there is no indication that the Legislature intended that a failure to comply ought to be deemed jurisdictional. The express purpose of the statute is to facilitate case management in malpractice cases. Filing the notice brings the action within the Individual Assignment System and commences the running of the maximum 12- and 18-month periods within which discovery must be completed and trial must be commenced. The notice is not designed to supplant discovery, and the delay in filing has not prejudiced defendants in any way. The late filing is permitted (CPLR 2004).
Defendants allege that plaintiffs are not sufficiently specific as to which procedures, tests, medicines or alternate courses of treatment should have been undertaken prior to the surgery actually performed. The Fourth Department has taken a pragmatic approach to the issue: " 'We apprehend no beneficial reason to put the plaintiff in a malpractice action (who most often is less likely than the defendant to have knowledge of proper "surgical procedures”, "medicines” and "tests”) to a greater burden than plaintiffs in other types of personal injury actions.’ ” (Randall v Pech, 51 AD2d 864, 865.) The test is whether the bill provides a " ' "general statement of the acts or omissions constituting the negligence claimed” ’ ” (supra, at 865), and that test is readily met here.
Defendants also argue that plaintiffs have failed to properly respond to their request for a copy of their own statements (CPLR 3101 [e]) by replying that no written statements exist. They allege that there is "no distinction between written and oral statements”. If the oral statements are recorded, plaintiffs must comply. (Chase v Patron Transmission Co., 61 Misc 2d 200.)
Finally, plaintiffs have properly treated defendants’ demand for experts’ reports (CPLR 3101 [d]) as a continuing demand until such time as an expert is retained and a report rendered.
Submit order.