LILIA D. ZARATE, Plaintiff, v MOUNT SINAI HOSPITAL, Defendant and Third-Party Plaintiff. OTIS ELEVATOR COMPANY, Third-Party Defendant and Fourth-Party Plaintiff; MARCATO ELEVATOR COMPANY, Fourth-Party Defendant.

Supreme Court, New York County, January 18, 1989

## APPEARANCES OF COUNSEL

*Killarney Fabiani & Brody (Joan Ellsworth* of counsel), for defendant and third-party plaintiff. *Lian, Geringer & Dolan* for third-party defendant and fourth-party plaintiff. *Robert H. Deaderick, Jr.,* for plaintiff. *Garbarini & Sher (Robert Standurf* of counsel), for fourth-party defendant.

## OPINION OF THE COURT

HAROLD BAER, JR., J.

Upon oral argument held on January 13, 1989, defendant and third-party plaintiff Mount Sinai Hospital (Mt. Sinai) seeks an order compelling third-party defendant and fourth-party plaintiff Otis Elevator Company (Otis) to produce examination before trial (EBT) transcripts of one or more employees of Mt. Sinai given in other actions involving Otis. Mt. Sinai's application is made pursuant to CPLR 3101 (e) on the ground that the EBTs constitute party statements which Otis intends to use at trial for impeachment purposes. Mt. Sinai contends further that the existence of these statements were brought to its attention last week by an Otis attorney. Otis contends that statute may not be interpreted to include depositions in the

word "statement" and that any such production would be burdensome. While neither the court nor the parties have found cases directly on point, I disagree. One case, *State of New York v Master Plumbers Assn.* (47 Misc 2d 187 [Sup Ct, Onondaga County [1965]), may support the defendant Otis' position but the court's ultimate disposition is unclear. There, the State of New York moved to vacate defendant's notices for discovery and inspection which included a request to obtain copies of statements of defendants Markert, Duke and Pearson, pursuant to CPLR 3101 (e). The State contended among other things that the " 'statements' are depositions given at a hearing and under oath and are not discoverable" and are not statements, the State is not subject to disclosure, the depositions constitute work product and are privileged, and the testimony of the defendants is peculiarly within their own knowledge. *(Supra,* at 191.) The court's decision focused on the issue of whether the State is subject to the provisions of CPLR article 31; the court found that the State is subject to these provisions. With respect to the motion to vacate, the court set forth its decision item by item and while item No. 4 is stricken, the only light as to the reasoning by the court is: "its language is too broad and may well encompass material prepared for litigation and/or an attorney's work product" *(supra,* at 196, citing CPLR 3101 [a] [4]; [c], [d]; 3103 [a]). Even if item No. 4 refers to the deposition transcripts, it is not overly helpful with respect to the instant motion. There, the item was stricken in part because of overbroadness, not an issue here, and, to the extent there is a work product objection, it refers to depositions taken in that action, here, the deposition transcripts refer to prior actions.

A review of all the other CPLR 3101 (e) cases reveals that statements may be oral, stenographic or written, signed or unsigned *(Lynbrook Union Free School Dist. v Industrial Temperature Sys.,* 113 Misc 2d 704 [Sup Ct, Nassau County 1982]). Written statements made by a party's employees to an opposing party may be obtained where the party-employer is a corporation *(Kaye v M & J Assocs.,* 46 AD2d 894 [2d Dept 1974]). The following include some examples of those types of statements which have been found to be discoverable: photographs *(Saccente v Toterhi,* 35 AD2d 692 [1st Dept 1970]); tape recordings *(McKenzie v McKenzie,* 78 AD2d 585 [4th Dept 1980]); transcript of an interview between plaintiff and a representative of defendant *(Walker v Erie-Lackawanna R. R. Co.,* 43 Misc 2d 1098 [Sup Ct, Livingston County 1964]).

If we juxtapose the above with the modern trend toward allowing full disclosure and construing any limitations narrowly *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403 [1968]; *Saccente v Toterhi, supra),* we conclude that Mt. Sinai's motion should be granted. Practically, since we are on the eve of trial and to avoid an unnecessary burden to Otis, the motion will be granted to the extent of ordering Otis to produce forthwith EBT transcripts of any Mt. Sinai employee which it may use at trial for impeachment purposes. If the number is more than three, we will hear further argument before trial at 2:15 P.M. on January 18, 1989.