| Bikes by Olga LLC v People |
|:---:|
| 2024 NY Slip Op 31336(U) |
| April 16, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 506816/2021 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
---------------------------------------------x
BIKES BY OLGA LLC,

                              Plaintiff,        Decision and order

          - against -                      Index No. 506816/2021

THE PEOPLE OF THE STATE OF NEW YORK,
NEW YORK STATE DEPARTMENT OF TRANSPORTATION,
CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF TRANSPORTATION, NYCTL 2018-A TRUST,
2017-A TRUST, NYCTL 2016-A TRUST &
NYCTL 1998-2 TRUST,

                              Defendants,        April 16, 2024
---------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                    Motion Seq. #8


          On November 28, 2023 the court issued a subpoena upon the

New York City Transit Authority ordering a deposition from

someone with knowledge concerning the Transit Authority's claim

of right to erect, maintain, and/or enter the structure on a

portion of real property located at 353 Berry Street in Kings

County.  The subpoena further sought documents regarding the

same.  The State of New York has filed this motion seeking to

vacate the subpoena on the grounds of sovereign immunity

depriving the court of subject matter jurisdiction.

          The facts of the case have been adequately described in

prior orders and need not be repeated here.

          The State was originally made a party to this action to

adjudicate the ownership of the subject property (see, RPAPL

§1541).  The ownership had been determined in a decision of this

court and a final judgement was then entered on March 15, 2022

[*1]

(see, Order and Judgement [NYSCEF Doc. No. 129]). The State argues that upon the entry of the judgement the waiver of immunity concluded and that any further litigation concerning the property does not involve the State at all. Consequently, there can be no action taken against the State without the State's consent. The plaintiff counters the court still maintains jurisdiction over the State by virtue of its original waiver of immunity.

RPAPL §1541 states that "an action may be maintained...by or against the people of the state of New York" as outlined in the article, namely to compel the determination of a claim to real property. In <u>Hibiscus Harbor Inc., v. Ebersold</u>, 53 Misc2d 868, 280 NYS2d 44 [County Court Seneca County 1967] the court explained that "basically this section was enacted in order to establish a 'clearing house' for a final determination of claims to real property. The intention of the article is to place the court in a position where through its equity jurisdiction it can terminate adverse claims to property and enter an order so as to provide a conclusive title to one of the parties involved" (id). In that case there were questions whether the State would assert claims to disputed property. The court explained that "ss to the questions of whether or not the State of New York should disclose to the parties herein any information which they may necessitate and whether their agents and officers must submit to an

2

examination by the parties herein, should be answered in the affirmative" (id). In addressing the State's refusal to participate the court held that "to agree with the State's contention that only in the Court of Claims, can they be examined, would destroy the intention of Article 15 and the broad equity jurisdiction of the Court under Section 1511 of the Real Property Actions and Proceedings Law. The technical aspects of ascertaining descriptions outlined in the various conveyances and surveys; and the interpretation of the letters patent; and the locations of the defendants' cottages, would be thwarted, and the proof and issues would become prolonged, if the State would be allowed to remain aloof from any disclosure or examination" (id). These requirements of participation apply all the more so in this case where the State is an actual party to the proceedings. Thus, the State's unduly narrow view of its affiliation in this lawsuit fails to appreciate that without its continued involvement, the precise contours of the plaintiff's ownership remains in doubt. While it is true that the State's sphere of ownership has been resolved, its continued participation in the action can only serve to further the ownership interests of the remaining parties. The court is not deciding whether the State must move for summary judgement to free itself of any further jurisdictional connections or whether the connections automatically expire upon the conclusion of the State's

3

[*3]

involvement with the subject property. Indeed, in Hurley v. Hurley, 50 NY2d 78, 427 NYS2d 986 [1980] the court held the State did not waive immunity for claims unrelated to the property even if other claims were validly waived. Rather, since there are clearly connections between the State and the subject property, specifically concerning information the State may possess the waiver has not yet expired.

The State further argues the State has provided all information in its possession. However, clearly, the plaintiff remains unsatisfied with the productions thus far. Notwithstanding the State's assurances to the contrary the plaintiff may inquire about the contents of the subpoena. Lastly, since the court considers the conclusion of the waiver premature the court need not address any of the equity arguments which are inapplicable at this juncture.

Therefore, based on the foregoing, the motion seeking to vacate the order and subpoena dated November 28, 2023 is denied.

So ordered.

ENTER:

DATED: April 16, 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

4

[*4]