SIGMUND FAUST, Plaintiff, *v.* FRANCIS P. BAEYERTZ, Defendant.

Supreme Court, New York County, April 3, 1934.

*De Forest, Cullom & Elder* [*Henry W. Steingarten* of counsel], for the plaintiff.

*Nathan Spiro Cohen,* for the defendant.

COLLINS, J.  Evidently the defendant has mistaken an expression of sympathy for his position in being compelled to come from Tennessee to New York to submit to an examination before trial for a holding that the plaintiff must bear the expense of the journey. The order did not stipulate or intend that the plaintiff be taxed with this cost.

The plaintiff moved to examine the defendant before trial.  The defendant opposed on the grounds, *first,* that the plaintiff was not entitled to the examination, and, *second,* that if the examination be held, and he be required to travel to New York therefor, the plaintiff should pay the costs.  It was decided that the plaintiff was entitled to the examination and the court invited suggestions to be submitted on the settlement of the order concerning the conditions, if any, to be imposed.  Further, the plaintiff was invited to comment on *Bradley & Currier Co.* v. *Harrison* (23 Misc. 241) and *Todd* v. *Silk Association of America* (100 id. 403, 407), which seemingly lent support to the defendant's insistence on the payment of his expenses.

On the coming in of the orders, both parties presented their respective arguments regarding the expenses.  The court concluded that because the plaintiff was entitled to the examination, because the defendant was a resident of this State when the action was

commenced, because the defendant was employing the legal machinery of this State for the enforcement of a counterclaim, and because of the other circumstances of the case, no conditions should be imposed.

The defendant's contention that he was entitled to mileage as a witness was considered unsound because he was being examined, not as a witness, but as an adverse party before trial, pursuant to section 288 of the Civil Practice Act. Section 300 of the Civil Practice Act contemplates the examination of non-resident parties by providing that the examination of such non-residents, when held pursuant to an order, may be had " in any county specified in the order." And section 294 provides that the court is empowered to " prescribe terms and conditions, not inconsistent with this article."

Many examinations would be thwarted by the imposition of conditions. In any event the matter is one of discretion. In this instance the discretion was exercised against the imposition of terms.

Accordingly, the motion to vacate is denied and the examination ordered to proceed in Special Term, Part II, on April 16, 1934, at ten A. M. Stay vacated.