ADELAIDE M. OLSEN, Plaintiff, *v.* THE CITY OF NEW YORK and ALFRED CHIARAMONTE, Defendants.

Supreme Court, Special Term, Kings County, June 25, 1941.

*Albert Martin Cohen,* for the plaintiff.

*William C. Chanler, Corporation Counsel,* for the city of New York.

HOOLEY, J. The city of New York raises a question as to whether section 292-a of the Civil Practice Act has application to the New York city department of sanitation. The section reads as follows:

" § 292-a. Order for taking testimony of municipal corporation in certain cases. Where a cause of action is asserted against a municipal corporation arising out of the ownership, operation or maintenance of a public utility by such municipal corporation or by such municipal corporation's transferor or assignor, the court may,

in its discretion, upon motion made upon notice, order that the testimony of one or more of the officers or employees of such municipal corporation, which is material and necessary, be taken by deposition. Any such examination granted in a negligence action shall not be limited so as to prevent or restrict the inquiry concerning the facts of negligence, liability or damages."

It is the contention of the city that said section was enacted only for the purpose of permitting examinations before trial of the city in connection with its operation of the transit system. With this the court does not agree. If the Legislature had intended so to limit the section, it would have done so by specific language.

The court is of the opinion that the phrase " public utility," as used in said section, is sufficiently broad so as to embrace utilities as defined by section 2 of the Public Service Law when such utilities are operated by municipalities. This would include common carriers, gas, electric and other types of utilities specified in section 2 of the Public Service Law aforesaid.

It would seem that types of municipal service such as the removal of garbage would not be included within the purview of the term " public utilities " as above defined.

While the removal of garbage and the repairing and cleaning of streets have been held to be a proprietary rather than a governmental function (*Missano* v. *Mayor*, 160 N. Y. 123; *Oeters* v. *City of New York*, 270 id. 364, 368), nevertheless, this court does not believe that it is such a type of function as would be classified as a public utility.

It follows that if the city may not be examined directly, its employee may not be examined, even though he is a codefendant. (*Graff* v. *Board of Education*, 245 App. Div. 743.)

Motion denied.