■ ALEJANDRINA RIJOS, Respondent, v. ETTA GOLDBERG et al., Appellants.— Order, entered on December 21, 1962, denying motion to dismiss for lack of prosecution, unanimously reversed, on the law and on the facts and as a matter of discretion, with $20 costs and disbursements to appellant, and the motion granted. The excuse offered for the delay of 32 months after joinder of issue was that the case was entrusted to trial counsel who neglected it and was later disbarred. The excuse is unavailing because, aside from other considerations, the trial counsel was suspended some 18 months prior to the instant application, and during that interval nothing was done. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.

■ JOSE M. GARCIA, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Order entered on April 12, 1962 upon plaintiff's motion for an examination before trial and for discovery and inspection unanimously modified, on the law and on the facts and in the exercise of discretion, to provide (1) that defendant shall permit plaintiff or his photographer to take still photographs from the subject station platform, and that when taken plaintiff shall deliver copies therof to defendant or its attorney, and (2) that defendant shall produce at said examination before trial its rules and regulations in force on the date of the accident relating to the operation, control and speed of trains; and, as so modified, the order is affirmed, without costs. There is not a sufficiently unequivocal showing in the record to sustain defendant's argument that the appeal from this order be dismissed as untimely. Settle order on notice. Appeal from order entered May 11, 1962, denying plaintiff's motion for reconsideration of said order entered April 12, 1962, dismissed, without costs. Order entered on July 2, 1962 denying plaintiff's motion for discovery and inspection of photographs of the accident scene taken by and in possession of defendant unanimously reversed, on the law and on the facts and in the exercise of discretion, and the motion granted, without costs. Present-day policy regarding pretrial disclosure mandates these dispositions (*Mudge* v. *Hughes Constr. Co.*, 16 A D 2d 106; *Newman* v. *New York City Tr. Auth.*, 7 A D 2d 628; and see *Danbois* v. *New York Cent. R. R. Co.*, 12 N Y 2d 234). Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.