Jacob Markowitz, J.
Motion by certain defendants to vacate notices of examination before trial, served upon them by plaintiff in this libel action. Prior to the adoption of the new Civil Practice Law and Buies, pretrial examinations, in this Department, were not favored in this type of action, upon public policy grounds. (See Supreme Court Bules, New York County, Trial Term, rule XI; Olian v. Random House, 205 Misc. 878; Kollsman Instrument Corp. v. Daily Mirror, 7 A D 2d 975; Murphy v. New York World-Tel. Corp., 8 A D 2d 800.) This practice was not universally followed in all the cases, some of which recognized an apparent liberalization of this restriction in cases concerning intentional torts. (See Miller v. Shopwell Foods, 2 A D 2d 362; Reich v. Gross, 6 A D 2d 559.)
With the enactment of the Civil Practice Law and Buies, it appears appropriate, at this time, to examine anew the basis for the prior holdings of the courts of this Department. Particularly, this is so, as the new statute generally indicates the legislative intent to broaden and liberalize pretrial disclosure proceedings.
*1086 Subdivision (a) of section 3101 of the Civil Practice Law and Rules, although maintaining certain distinctions, as between witnesses and parties and between material and nonmaterial evidence, clearly makes no differentiation as to full disclosure based upon the type of action involved. Subdivision (a) of section 3101 of the Civil Practice Law and Rules, reads: ‘‘ There shall be full disclosure * * * in the prosecution or defense of an action, regardless of the burden of proof”. No action of any type is specifically excluded from the broadened disclosure provisions.
One basis for the previous rule, founded upon public policy, was that as publication of a libel may be a crime, a defendant could not be compelled to testify thereon, if he claimed privilege. (See Corbett v. De Comeau, 44 N. Y. Supr. Ct. [12 Jones & Sp.] 306.) However, the better policy would appear to be to allow a defendant to claim his privilege, if he so desires (as is his right) without such possibility being utilized to preclude any examination. (See Mason v. New York Rev. Pub. Co., 154 App. Div. 651.)
The desire not to further aggravate the relationship of the parties, while of moment in matrimonial causes, is inapplicable to a defamation action, wherein, by commencement of the action, an already apparently irreconcilable conflict between the parties is presented. The Legislature has further indicated its intent to separately treat matrimonial causes by statutes designed to keep the files in such actions closed from public view. (See Domestic Relations Law, § 235; N. Y. Legis. Doc., 1960, No. 20, p. 386 [4th Preliminary Report, Advisory Comm, on Practice].) In any event, an examination may serve to ameliorate the situation, by explanation, as readily as it may serve to aggravate it.
Prior decisions wherein examinations were denied based upon the burden of proof in the case are clearly inapplicable under the Civil Practice Law and Rules (CPLR 3101, subd. [a]). (See, also, 3 Weinstein-Korn-Miller, New York Civ. Prac., § 3101.16; 1st Preliminary Report, Advisory Comm, on Practice, N. Y. Legis. Doc., 1957, No. 6[b], p. 117, ff. 443; New York Procedures to Obtain Information in Civil Litigation, 32 N. Y. U. L. Rev. 1066,1080.)
Moreover, however, in the instant case, a sufficient showing of special circumstances is made, i.e., that persons whose examinations are sought have exclusive and special knowledge of the facts involved, which alone would warrant a granting of the requested relief. For the reasons stated, the motion is denied.