Gilbert H. King, J.
Defendants served a notice requesting plaintiffs to execute and acknowledge a written authorization permitting the defendants to examine “ the records of all hospitals relating to the physical condition ’ ’ of the plaintiff, Mary Ann Chester, pursuant to the provisions of subdivision (a) of section 3121 of the Civil Practice Law and Rules.
Plaintiffs brought this motion pursuant to rule 3122 of the Civil Practice Law and Rules for a protective order under section 3103 of the Civil Practice Law and Rules to restrain the defendants from enforcing the demand for written authorization to examine and obtain copies of the hospital records on the grounds that such authorization and inspection would violate the doctor-patient privilege which existed under the Civil Practice Act and has been continued by section 4504 of the Civil Practice Law and Rules.
A reading of the disclosure provisions of article 31 of the Civil Practice Law and Rules indicates, I believe, a clear intention to open the door of pretrial inquiry to the point where as much of the information material to the issues and normally in the sole possession or under the control of one party may be obtained by the other in the interests of truth and justice, to remove the element of surprise from litigation and to enable the litigants and the courts, at any proper stage of the litigation, to make a true evaluation of the merits of the cause and the rights of the parties.
In any circumstances where the disclosure would, in the court’s opinion, be such as to cause “ unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts ”, the court has broad discretionary power to limit the demand and inquiry and to suppress information obtained (CPLR 3103).
*678 The right given by subdivision (a) of section 3121 for an examination of the hospital records is indicative of the trend towards full pretrial disclosure which, in my opinion, the provisions of article 31 of the Civil Practice Law and Bules are intended to accomplish.
Where the plaintiff begins a lawsuit based on a claim for personal injuries, he removes himself from the protective provisions of section 4504 of the .Civil Practice Law and Buies as to doctors’ reports in the hospital records at least to the point where he must comply with the demand for his authorization to examine and copy the records in full. In the absence of a showing on a motion for a protective order that specific parts of the hospital record should not be made available to the party seeking the authorization and the reason for such denial of inspection, a protective order should not be granted. A general objection to the request for authorization would require the courts to personally examine each hospital record. This would place an intolerable burden on the courts and delay, if not defeat, the aims and purposes of article 31.
The demand for authorization was to permit inspection of ‘1 any and all hospital ’ ’ records. The plaintiff is not required to execute such a broad authorization. An authorization to inspect hospital records relating to the injuries alleged to have been sustained in the accident is all the defendants may have.
Plaintiffs’ motion for a protective order is denied, without costs, and the defendants are directed to limit the requested authorization to such specific hospitals and hospital records as are related to the claimed injuries.