■ PEARL BLOOM, Appellant, *v.* NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Order, entered on June 28, 1962, unanimously modified on the law so as to grant discovery and inspection, with permission to obtain and make photostatic or other copies, of items 1, 4, 5, 6 and 7, and is otherwise affirmed, without costs to either party. Costs are denied because this appeal is from an order entered June 28, 1962, and no explanation is given for the long delay in prosecuting the appeal. Item 1 refers to the accident report or reports obtained prior to the institution of suit, and not made in preparation for trial, while items 6 and 7 refer to the reports of the accident prepared by the engineer and conductor, respectively, of defendant shortly after the accident. These are proper items for discovery. (See *McGary* v. *New York City Tr. Auth.*, 20 A D 2d 683; CPLR 3101, 3120; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., art. 31.) The photographs and measurements requested in item 4 should be disclosed (*Mudge* v. *Hughes Constr. Co.*, 16 A D 2d 106), as should the safety instructions sought in item 5 (cf. *Danbois* v. *New York Cent. R. R. Co.*, 12 N Y 2d 234). Additionally, under the circumstances of this case the disclosure sought is warranted to the extent granted (CPLR 104, 3120). The accident occurred May 10, 1960, and plaintiff-appellant sustained serious and severe injuries when a southbound subway train came to a sudden stop between the 96th and 72nd Street stations on the west side I. R. T. line. Items 2 and 3 may properly be considered work products and are not subject to disclosure. The contention of respondent that the provisions of the Civil Practice Law and Rules should not apply because of appellant's "unreasonable delay" in prosecuting the appeal is without merit. No prejudice to respondent is shown (CPLR 10003). Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.