Louis B. Heller, J.
In this action for personal injuries allegedly sustained while plaintiff was a passenger in a bus operated by the defendant New York City Transit Authority, the defendants move pursuant to CPLR 3122 for a protective order vacating a portion of plaintiff’s notice to discover certain records of the defendants. Among the records sought to be discovered are accident reports prepared by the Transit Authority and defendant driver of the bus which were obtained prior to the institution of suit and not in preparation for trial. *950 These are proper items for discovery. (Bloom v. New York City Tr. Auth., 20 A D 2d 687 [1st Dept.]; McGarry v. New York City Tr. Auth., N. Y. L. J., Oct. 8, 1963, p. 14, col 6, affd. 20 A D 2d 683 [1st Dept.].) The case of Ciaffone v. Manhattantown, Inc. (20 A D 2d 666 [2d Dept.]) does not hold otherwise. There the court denied discovery of reports made by defendant’s employees, citing the cases of Briant v. New York City Tr. Auth. (7 A D 2d 756) and Carlson v. Long Is. R. R. Co. (6 A D 2d 821), which cases were decided before the enactment of CPLR 3101. Examination of the record on appeal reveals that the basis for the Appellate Division’s determination in the Giaffone case was that the accident reports sought were material prepared for litigation and not obtainable pursuant to CPLR 3101, subd. (d). This court is mindful of the holding in Zapata v. New York City Tr. Auth. (N. Y. L. J., May 25, 1964, p. 18, col. 1, Baker, J.).
The accident herein involving the operation of a bus makes the discovery and inspection of defendant’s rules and regulations concerning operation by its motormen of trains immaterial and unnecessary and accordingly the motion is granted in that respect. The rules and regulations of the Transit Workers Union are immaterial and unnecessary and as to that the motion is granted. In all other respects the motion is denied. Settle order on notice.