J. Robert Lynch, J.
The accident giving rise to these actions occurred when the plaintiff Naomi Murdick fell on the outside steps of the defendants’ premises which she alleges were slippery at the time. Shortly after the accident one of the defendants took photographs of the steps. Before the actions were sued the defendants’ insurance carrier had other photographs taken and still others after suit had commenced.
The plaintiffs have served a notice for the discovery and inspection of all of these photographs. The defendants have now moved to quash the notice as one seeking to discover the work product of the defendants. The plaintiffs have limited their argument on the motion to quash to the photographs taken by the defendant on the date of the accident. Accordingly the motion to quash the notice as to the other photographs is granted.
While the question here was not squarely ruled upon prior to the adoption of the CPLB, photographs were held discoverable in closely allied situations. (De Vito v. New York Cent. R. R. Co., 32 Misc 2d 494, affd. 3 A D 2d 692; Howe v. McBride, 193 Misc. 271; Mudge v. Hughes Constr. Co., 16 A D 2d 106; see, also, Bloodgood v. Lynch, 293 N. Y. 308.)
The rule adopted in CPLB 3101 (subds. [c], [d]) was laid down in Hickman v. Taylor (329 U. S. 495) the drafters feeling that “ [t]here has been enough litigation in the Federal courts subsequent to the Hickman v. Taylor decision to stabilize the rule.” (1957 Report, Temporary Commission on the Courts, First Preliminary Report, Advisory Committee on Practice and Procedure, p. 120; see, also, Bender’s New York Evidence, CPLB, vol. 4, p. 351.) The Federal courts have since permitted the plaintiff to obtain accident scene photographs from the defendant. (Nickels v. United States, 25 F. R. D. 210.)
‘ ‘ Photographs [of accident scenes] taken immediately after the event should not be protected from disclosure because it is not possible to duplicate this evidence. Since they ‘ are merely a true and fair representation of what anyone, visiting the scene of the accident would see,’ they can hardly be considered the product of the lawyer’s mind.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.46.)
The motion to quash the notice as to the photographs taken by the defendant on the date of the accident is denied.