Frank J. Kronenberg, J.
The City of Lockport, New York, one of the defendants herein, seeks a protective order vacating that portion of plaintiff’s notice to take depositions which requires the City Clerk to produce at such examination the written report of an investigation of an explosion (which allegedly is on file in the city records), and all other records pertaining thereto on the grounds that said investigation and records are: (a) privileged matter; (b) work product of the attorney for the defendant, City of Lockport; and (c) material prepared for litigation.
On May 25, 1964, at approximately 3:00 a.m., an explosion occurred underneath Main Street in the block between Pine and Market Streets, in the City of Lockport, New York, causing damage not only to plaintiff’s store on Main Street but also generally throughout the entire block.
The cause of the explosion was originally reported by the authorities as ‘ ‘ unknown ’ ’ and no further specific comment has been forthcoming.
Plaintiff maintains that it had no way of knowing or investigating the cause of said explosion; that plaintiff had no right to open the pavement to investigate; and if said right *924 were now granted, it would be too late to find the “cause” since it has now been remedied.
The Corporation Counsel does not deny that a report exists, but at one point claimed that the investigation was made at the request of the city and paid for by them and at another point indicated that the investigation and report were the results of the city’s insurance carrier’s efforts. Be that as it may, a report does exist.
Obviously, the new CPLR indicates legislative intent to broaden and liberalize pretrial disclosure proceedings, the intent being to open the door of inquiry to a point where as much information material to the issues and normally in possession or under the control of one party may be obtained by the other in the interests of truth and justice; to remove the element of surprise and to enable litigants and the courts to make a true evaluation of the merits of the cause and the rights of the parties. (See Chester v. Zima, 41 Misc 2d 676; Walker v. Erie-Lackawanna R. R., 43 Misc 2d 1098; Roma v. Newspaper Cons. Corp., 40 Misc 2d 1085.)
Defendant, relying on CPLR 3101 first contends that the report in question is “ privileged matter.”
Said report is not protected by the rule prohibiting disclosure of a confidential communication between attorney and client.
' ‘ The protective cloak of privilege against revealing confidential communications does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. (Hickman v. Taylor, 329 U. S. 495.) ” (Kaye v. Penguin Cab Corp., 40 Misc 2d 476, 479.)
Nor does “privilege” extend to a report or independent investigation. If the knowledge in and of itself is not privileged, it cannot acquire a privileged status merely because it may have been communicated to the attorney. (De Vito v. New York Cent. R. R., 32 Misc 2d 494, affd. 3 A D 2d 692; Bloom v. New York City Tr. Auth., 20 A D 2d 687; Williams v. New York City Tr. Auth., 43 Misc 2d 949.)
secondly, defendant contends that the report in question is the ‘ ‘ WORK PRODUCT OF TPIB ATTORNEY FOR THE DEFENDANT, CITY OF LOCKPORT, NEW YORK.”
Said report is not the “work product” of an attorney as contemplated by the statute.
Whatever the extent of the concept of an attorney’s work product may be, it is still the attorney’s work, or that of his agents or employees, that is involved and the attorney cannot by retroactive adoption, convert the independent work of another, already performed, into his own.
*925 All that is sought here is the report of the investigator, working on his own, and not as an agent or employee of the attorney, as to what he discovered while making that investigation. (See Babcock v. Jackson, 40 Misc 2d 757.)
Finally, defendant contends that the report in question is “ material prepared for litigation.”
CPLR 3101 (subd. [d]) covers “ Material prepared for litigation” and states that the following shall not be obtainable : “1. any opinion of an expert prepared for litigation, and 2. any writing or anything created by or for a party or his agent in preparation for litigation ’ ’ — that is, ‘ ‘ unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship.” (Italics supplied.)
Plaintiff refers to said action as granting a “limited privilege ’ ’ which loses its privilege entirely under certain circumstances, as in the instant case where it appears that all evidence indicating what actually occurred no longer exists and further that withholding the report sought will result in injustice and undue hardship.
It is now some seven months since the explosion; the street has been repaired; and all evidence both above and below the street no longer exists. The conditions which existed at the time of the explosion can no longer be duplicated nor can any further information be obtainable because of a change of conditions.
It may be contended that the report in question is not “ Material prepared for litigation”. (Babcock v. Jackson, 40 Misc 2d 757, supra.) However, the phrase — “any writing or anything created by or for a party or his agent in preparation for litigation ”, is very broad and may well cover the report in question.
However, the court finds that the “ limited privilege ” granted the said report no longer exists since the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship. (See Zdonczik v. Penn & So. Gas Co., 35 Misc 2d 735, affd. 18 A D 2d 749; Babcock v. Jackson, 40 Misc 2d 757, supra.)
The City of Lockport’s motion for a protective order is hereby denied.