Frank J. Kronenberg, J.
The main action herein arises out of a claim that Stanley Baczmaga died of injuries sustained when struck by a certain portable toilet.
Plaintiff’s intestate claims that Johnny-On-The-Spot, defendant and third-party plaintiff, was negligent in supplying improper straps and rigging, the failure of which permitted the unit to fall on decedent, who died on August 21, 1961.
Allegedly the unit was being transported by a crane owned and operated by Merritt, Chapman and Scott, third-party defendant, and that following the accident agents of Merritt, Chapman and Scott took possession of what remained of the unit, including the rigging and straps connected thereto.
It is further alleged that Merritt, Chapman and Scott advised the defendant that they could not honor defendant’s request for a return of said equipment.
Pursuant to CPLR 3107 etc., the third-party plaintiff has sought the production of an alleged report of an analysis of *998 material used in the fabrication and assembly of the unit involved in the accident resulting in the death of the said Stanley Baczmaga. Merritt, Chapman and Scott has moved this court for a protective order depriving the third-party plaintiff of said report.
. Merritt, Chapman and Scott’s moving papers admit that subsequent to the accident and before the commencement of the third-party action, their insurance carrier obtained an analysis and expert opinion with respect to the material used in the portable unit, and that said analysis and expert opinion was caused to be obtained for the purpose of defending against any claim that might be made against Merritt, Chapman and Scott.
The third-party defendant thus seeks the protection of C'PLB 3101, alleging that said analysis and expert opinion is not subject to discovery.
This contention is correct, that is, “ unless the court finds that the material can [no longer be duplicated because .of a change in conditions 'and that withholding [it will result in injustice or undue hardship ” (CPLB 3101, subd. [d]; italics supplied).
The prohibition against discovery granted by C'PLB 3101 (subds. [.d]) is a “limited privilege ”, and said “privilege” is lost entirely where, as in the instant case, the material sought cannot be duplicated because of a change in conditions and further where the withholding of the analysis will result in injustice and undue hardship. (See Montgomery Ward Co. v. City of Lockport, 44 Misc 2d 923 and cases cited therein.)
Merritt, Chapman and Scott’s contention that the material so analyzed was material provided by Johnny-On-The-Spot, and used by said third-party plaintiff in the construction of the unit in question and “ presumably ” used by said third-party plaintiff in connection with the construction of numerous other such units and that therefore the material can be duplicated, is without merit. Merritt, Chapman and Scott would be the first to object to the admission upon trial of an analysis of materials used in other units in an effort to prove the character of the material uised in the particular unit in question.
Merritt, Chapman and Scott never relinquished control over the unit in question, even though it was the property of Johnny-On-The-Spot.
Permitting the withholding of the analysis admittedly made by them upon the property of another, withheld from the true owner, would be contrary to the legislative intent to broaden and liberalize pretrial disclosure proceedings, the intent being to open the door of inquiry to a point where as much information material to the issues and under the control of one party may be *999 obtained by the other in the interests of truth and justice. (Chester v. Zima, 41 Misc 2d 676; Walker v. Erie-Lackawanna R. R. Co., 43 Misc 2d 1098; Roma v. Newspaper Consolidated Corp., 40 Misc 2d 1085.)
The cause before the court appears to fall clearly within the provision granting disclosure of material prepared for litigation where the same can no longer be duplicated because of a change of conditions and where the withholding of the same will result in injustice or undue hardship (CPLR 3101, suibd. [d]). (See Chester v. Zima, 41 Misc 2d 676, supra; Roma v. Newspaper Consolidated Corp., 40 Misc 2d 1085, supra; Babcock v. Jackson, 40 Misc 2d 757; Montgomery Ward Co. v. City of Lockport, supra.)
The third-party defendant’s motion for a protective order is denied.