Henry M. Zaleski, J.
Motion for leave to renew a prior motion for a protective order is granted and on such renewal the motion is denied.
On the prior motion defendant sought to be protected from producing for inspection and copying (1) photographs taken at the scene of the accident and (2) a statement signed by an identified eyewitness.
Defendant has submitted an affidavit, not presented on the original motion, of a “ Claim Agent ” who is employed in the claims bureau of the railroad. The purpose of the affidavit is *6 ■said to be to show that the photographs and the signed statement constitute work, product and material prepared for litigation.
The . ‘ work product”, not discoverable . is that “of an attorney.’’. . (OPLR 3101, subd. [c].) Neither the photographs nor the statement were the product of the labors of defendant’s attorney, but were prepared by third parties, one of whom was ,a claim agent and the other the witness himself. In this court’s opinion the protection afforded to an attorney’s work product should.be limited to material actually prepared by an attorney, as attorney, representing the litigant (see Babcock v. Jackson, 40 Mise 2d 757; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.44, 3101.45). . .. , .
Viewed from the standpoint of material prepared for litigation which enjoys a limited privilege (CPLR 3101, subd. [d], par. 2), the photographs should be made available to the plaintiff. The photographs are of'the accident scene, a sétting which obviously cannot be duplicated. The plaintiff was removed from the scene of the accident to the hospital wherein he was confined for some • 64 days and to' his home for a long time thereafter. He simply did not have the opportunity to take" pictures for himself. On the other hand, defendant arranged for the photographs immediately after the accident occurred. In the court’s opinion withholding the pictures will result in injustice to. plaintiff. Especially is that so when we realize that the photographs are nothing more than 1 ‘ a true and fair representation of what anyone, visiting the scene of the accident, would see ” (Mudge v. Hughes Constr. Co., 16 A D 2d 106). Defendant has not "made any contrary claim. A like conclusion, requiring discovery of photographs taken at- the scene of an accident was reached in Murdick v. Bush (44 Misc 2d 527).
On the prior motion the statement signed by the eyewitness was denied protection, citing Matter of Weeks (39 Misc 2d 696, affd. 20 A D 2d 544) and Kaye v. Penguin Cab Corp. (40 Misc 2d 476). Recently the Appellate Division in the First and Second Departments granted protection to statements made by insureds to their insurance carriers (Finegold v. Lewis, 22 A D 2d 447; Kandel v. Tocher, 22 A D 2d 513). Those decisions appear to turn on the consideration- that the liability - insurer is the defendant in a real sense and • that the purpose of’ its investigation is solely to prepare for eventual litigation.'
Thus, in the Kandel case (supra, pp. 515-516) it was said: “ The kind of investigation, reports, and statements involved in the performance of an insurer’s responsibility under automobile liability insurance is not to be confused with the investigation, reports and statements resulting - from the regular- internal *7 operation of an enterprise. Such material serves many purposes in the conduct of the enterprise, including perhaps eventual use in any litigation which may ensue. Thus, the material resulting from an investigation made by a public utility in connection with an accident occurring in its operation may be part of the regular business of conducting the utility. The purpose is not limited to, or even predominantly that, of, preparing for a litigation risk. On the contrary, the purpose may be to prevent future accidents, discipline careless employees, or, generally, to increase the economy and efficiency of the operation. In that situation the preclusive provisions of the disclosure statutes do not apply. ’ ’ Although the reference to a public utility may not have been absolutely essential to the decision, the comparison between such an enterprise and a liability insurer is persuasive.
That defendant railroad is a public utility is clear. (Public Service Law, § 2, subd. 23; see Olsen v. City of New York, 177 Misc. 99.) By section 47 of the Public Service Law common carriers and railroad corporations are required to give immediate notice of accidents to the Public Service Commission. Begulations of that commission (16 NYCRR 923.0 et seq.) prescribe the accidents which must be reported, the manner of reporting, the details to be given and forms to be used. It is obvious therefore that, unlike the automobile liability insurer’s object in investigating accidents, the purpose of investigating accidents by common carriers and railroads is not exclusively to prepare for litigation. In order to comply with the law regulating them,' they, are required to be investigated. Litigation is not the force . that; impels inquiry, The law requires it as part of the regular internal operation of a railroad.
Viewed in that light, this court is of the opinion that the statement of the eyewitness was not taken .as part of defendant’s! preparation for litigation and is not protected: from disclosure: