Jack Stanislaw, J.
An application is made by defendant, pursuant to CPLR 3124 to compel disclosure. During an examination of the plaintiff’s Superintendent of Buildings and 0-rounds the defendant asked for, and was refused, the produc *865 tion of certain photographs, an engineer’s report, and the daily reports of construction work in progress. The examination was adjourned and this motion resulted.
Essentially, plaintiff is suing for its damages sustained due to the alleged inaccuracy of test borings made and reports rendered thereon by the defendant. Prior to its actual construction of a public school building plaintiff hired defendant to investigate and report as to surface and subsurface soil conditions. During the excavation work certain soil conditions were found which reflected upon the validity of the defendant’s reports. An independent soil expert was called in by plaintiff. His report to the plaintiff was accompanied by photographs of the subsurface soil conditions taken at the job site. Defendant claims both the report and the photographs to be proper subjects of production upon an examination before trial. Lastly, defendant asks for the production of all of those documents relating to the excavation, orders for changes and extra work, and otherwise generally related to the altered foundation design.
The engineer’s report and photographs were submitted to plaintiff roughly 15 months after defendant’s report and 19 months before the commencement of this action. That it was more than a year and a half after plaintiff assured itself of defendant’s defective work before this action was commenced creates an insurmountable skepticism in the mind of the court regarding plaintiff’s primary objection to production. It is most difficult to accept these items as “ materials prepared for litigation ” and thereby not subject to disclosure. The time lag involved creates an almost prima facie assumption to the contrary. (Bloom v. New York City Tr. Auth., 20 A D 2d 687; Garcia v. New York City Tr. Auth., 19 A D 2d 530; Williams v. New York City Tr. Auth., 43 Misc 2d 949.) In any event, the report and pictures can no longer be duplicated and so are excepted from the statutory provision relating to the nondisclosure of such materials anyway (CPLR 3101, subd. [d]; Baczmaga v. Reynolds, 44 Misc 2d 997).
However, the work orders and other papers referred to are obviously too great in number and complex in detail to permit production now. The examination should proceed without them and defendant given leave to move for discovery and inspection of a possibly lesser number of documents actually relevant and perhaps capable of being specifically indicated.
Implicit in our determination is the fact that the engineer’s report and photographs are not irrelevant. At this time we do not pass on that same problem with respect to those other items, *866 discovery of which, if available at all may be had at some subsequent date.
The motion is granted as to the report and photographs involved, and in all other respects denied as hereinabove set forth.