Lawrence H. Cooke, J.
Plaintiffs Hayward and Buckley and defendant Charles Millar & Son Co. move for an order granting them a discovery and inspection in the following respects:
1. Requiring defendants Willard Mountain, Inc., and Victor E. Hall, doing business as Hall Engineering Company, to describe and admit each stud, cross arm, piece of steel, machinery, apparatus or equipment tested;
2. Requiring said defendants to deliver to the attorneys for movants for inspection, each stud, cross arm, piece of steel, machinery, apparatus or equipment tested, in the same condition as it was immediately after the happening of the accident;
3. Requiring said defendants to deliver to the attorneys for movants for their inspection, and for the purpose of making copies thereof for use by movants in the prosecution or defense of this action, full, complete and accurate data on each stud, cross arm, piece of steel, machinery, apparatus or equipment, which were tested by said defendants and which in the testing thereof were destroyed, changed, altered or otherwise affected;
4. Requiring said defendants to deliver to the attorneys for movants for their inspection and for the purpose of making copies thereof for use by movants in the prosecution or defense of this action, each and every photograph of the accident scene and of the stud, cross arm, piece of steel, machinery, apparatus or equipment taken at the accident scene by said defendants.
It appears that these actions arise out of an accident which took place at a ski slope when a t-bar lift and its related parts or attachments allegedly became unfastened and fell. It also appears that a certain stud, cross arm and a four- or six-inch piece of steel were taken by or on behalf of one of the defendants to the Rensselaer Polytechnic Institute for testing, that the stud was destroyed in the analytical process and that certain photographs were taken of the scene following the accident and before certain equipment was moved.
formally, photographs of accident scenes taken immediately after the event should not be protected from disclosure because *1034 it is not possible to duplicate this evidence; and, since they are merely a true and fair representation of what everyone visiting the scene would see, they hardly can be considered the product of the lawyer’s mind (Bloom v. New York City Tr. Auth., 20 A D 2d 687; Garcia v. New York City Tr. Auth., 19 A D 2d 530; Mudge v. Hughes Constr. Co., 16 A D 2d 106; Reese v. Long Is. R. R., 46 Misc 2d 5, 6; Murdick v. Bush, 44 Misc 2d 527; De Vito v. New York Cent. R. R. Co., 32 Misc 2d 494, affd. 3 A D 2d 692; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.46). Furthermore, here, there has been no showing that the photographs should be protected under CPLR 3101 (subds. [b], [c], [d]).
Laboratory reports performed for use in an action on materials which are the subject of litigation clearly fall within the qualified protection of CPLR 3101 (subd. [d]) but this immunity is removed where, as admittedly here as to a certain object or objects concerning which there has been a substantial change of condition, the material can longer be duplicated and, obviously, the withholding of the reports will result in injustice or undue hardship (Board of Educ. v. Ace Test Boring, 47 Misc 2d 864; Baczmaga v. Reynolds, 44 Misc 2d 997; Montgomery Ward v. City of Lockport, 44 Misc 2d 923, 925; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.53).
Defendants Hall and Willard Mountain, Inc., contend variously that only those portions of the reports which contain “ the actual observations” of experts and so much of the report ‘ ‘ as relates to the examination and analysis itself ’ ’ should be furnished and that portions which represent the opinions or conclusions of said experts should be deleted. This position is not supported by the citations of the previous paragraph, in which no exception was made in regard to any part of the reports there in question. In Baczmaga v. Reynolds (supra, pp. 998, 999) it was stated: ‘1 The third-party defendant thus seeks the protection of CPLR 3101, alleging that said analysis and expert opinion is not subject to discovery. * * * The third-party defendant’s motion for a protective order is denied.” More significantly, CPLR 3101 (subd. [d]) specifically lists ‘1 any opinion of an expert ’ ’ and provides, in effect, that there may be disclosure as to such an opinion if 1‘ the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship”.
While the attorney for defendant Hall has argued in substance that movants are not entitled to opinions where there has been no destruction, said defendant and defendant Willard *1035 Mountain, Inc, have asked that copies of the reports of experts retained by movants be supplied to them and, on argument, attorneys for movants so agreed. (Cf. Renwal Prods. v. Kleen-Stik Prods., 43 Misc 2d 64.5.) Such a furnishing or exchange of reports or opinions should be confined to reports or opinions relating to items no longer duplicable (CPLR 3101, subd. [d]).
The first item of relief sought is to require the two named defendants “ to describe and admit each stud, cross arm, piece of steel, machinery, apparatus or equipment tested.” No authority is submitted in support thereof and to grant same would appear to violate CPLR 3101 (subd. [c]) in seeking disclosure of the work product of attorneys. Movants have not made a written request for admission of the truth of any matter of fact set forth in the request, there being no matter of fact set forth in the event the motion papers be deemed a request (cf. CPLR 3123, subd. [a]).
The applications are granted to the following extent:
(a) defendants Willard Mountain, Inc., and Hall shall produce and make available for inspection each and every part of the t-bar lift which became unfastened or fell or was connected therewith, which are now in the possession, custody and control of said defendants;
(b) said defendants shall produce for inspection and for the purpose of making copies thereof by movants all reports in the possession, custody and control of said defendants concerning each stud, cross arm, piece of steel, machinery, apparatus or equipment which was tested by or on behalf of said defendants and which were destroyed, changed or otherwise altered in the testing;
(c) said defendants shall produce for inspection and for the purpose of making copies thereof by movants all photographs taken by said defendants at or about the time of the accident of the scene of the accident and of each stud, cross arm, piece of steel, machinery, apparatus or equipment taken at the accident scene; and
(d) movants shall deliver to said defendants copies of all reports of experts made on behalf of movants concerning items no longer duplicable.
The attorneys should attempt to agree upon a time or times and a place or places for said production and inspection and, in the event they are unable to agree, same will be fixed by the court.