John J. O’Brien, J.
This action arose as a result of a motor vehicle accident which took place in the City of Albany, New York, on or about July 23, 1965, between an automobile owned and operated by the plaintiff and a truck owned by the defendant, R. & B. Produce Co., and operated by the defendant, Walter D. Priest.
On or about June 1, 1966, the defendants served a notice to take the oral testimony of the plaintiff in Schoharie County, where the venue of the action is laid, and where plaintiff allegedly resides. By cross notice of motion, dated June 3, 1966, plaintiff required “ the corporate officers of R. & B. Produce Co.,” to be examined, and also the defendant driver, Walter D. Priest. Said examination was to take place in Schoharie County, at the same time and place as the plaintiff was to be examined. Plaintiff subsequently withdrew his demand that R. & B. Produce Co. be examined, but still requests an examination of the defendant driver, Walter D. Priest. Defendant now moves for a protective order pursuant to CPLR 3103, striking the notice to take oral testimony as served by the plaintiff. The defendant driver also asks that if the examination be held, plaintiff, as a condition thereof, reimburse him for his day’s wages and for travel expenses in attending the examination.
This case comes directly within CPLR 3107 which provides, in substance, that any party to be examined pursuant to notice, may serve notice to .examine the other party at the same time and place, without the requirement of paying the expenses of the other party. This section and other provisions of article 31 of the CPLR are all designed to encourage a policy of liberal pretrial inquiry, so that information material to the issues may be made available to all parties in the interests of truth and justice, and the element of surprise may be removed from litigation. This policy was in effect under the Civil Practice Act, and was expanded and spelled out more clearly in the present CPLR (Civ. Prac. Act, §§ 288, 294, 300; CPLR, art. 31; Faust v. Baeyertz, 153 Misc. 545). The Legislature has, however, placed certain safeguards on the use of pretrial techniques to assure that such use would not result in undue hardship or expense to any litigant. CPLR 3103 provides in substance that the court may make protective orders denying, limiting, condi *310 tioning, or regulating the use of any disclosure device. CPLR 3116 (subd. [d]) provides that unless the court orders otherwise, the party taking the deposition shall bear the expense thereof. The Advisory Committee Notes pertaining to this latter section indicate that this is a new rule for New York practice, but that it reflects the former New York practice under the Civil Practice Act, particularly in the vast majority of cases where there is only one plaintiff and one defendant. (See 9 Standard Civ. Prac. Serv., Advisory Committee Notes referred to p. 243.) The court, on the present motion, in the exercise of its discretion, must determine if examination of the defendant driver will create such a hardship as would justify excusing the driver from the examination, or if the circumstances are such that the plaintiff should reimburse the defendant driver for his day’s wages and travel expenses in attending the examination.
In considering the instant case, it is difficult to determine any reason why the defendant driver either should be excused from the examination or reimbursed for his wages or travel expenses. This is a situation where the defendant initiated the examination before trial and where he now seeks to impose a penalty on the plaintiff in the event that the plaintiff examines the defendant. The venue of the action is laid in Schoharie County, and defendant has retained attorneys in Schenectady County. These same attorneys have demanded an examination of plaintiff in Schoharie County, concerning the accident, which occurred in Albany County. All of these counties are in close proximity to one another. Defense counsel argues that the defendant driver resides in Vineland, New Jersey. The moving papers indicate, however, that the defendant, R. & B. Produce Co., is a partnership based in Vineland, New Jersey, and operating trucks at various areas in eastern United States. It further appears that the defendant, Priest, as a driver for R. & B. Produce Co., is in Albany, New York, on frequent occasions. There is nothing in the moving papers to indicate the mileage between Vineland, New Jersey, and Schoharie County, New York, but the court notes that modern-day highways and methods of transportation make Schoharie County readily accessible to almost any area of New Jersey. In the case of Faust v. Baeyertz (153 Misc. 545) the court held that it was not unreasonable to require the defendant to travel from Tennessee to New York, for an examination before trial, and that defendant was not entitled to reimbursement for travel expenses. The court, therefore, holds that plaintiff is entitled to examine defendant driver, Walter D. Priest, in Schoharie County, at the same time and place that defendant examines the plaintiff, and that plaintiff need not *311 reimburse the defendant, Walter D. Priest, either for his day’s wag’es or for travel expenses.
With regard to plaintiff's demand that defendant produce his trucker’s log books and diary of deliveries made by the defendants on the day of the accident, the court holds that this request is reasonable, and defendant should comply therewith. Any objection to introduction of these items into evidence may be made in the usual manner. Defendants ’ motion is hereby denied.