John J. O’Brien, J.
This action is to recover damages for personal injuries arising from a motor vehicle accident, which occurred near Naples, New York, on or about September 1, 1965. Plaintiff was a resident of Schenectady County at the time of the accident, and the venue of the action is laid in Schenectady County. Defendants were and still are residents of Naples, New York. Both plaintiff and defendants have retained attorneys in Schenectady, New York. It is conceded that Naples, New York, is approximately 200 miles from Schenectady, New York.
On or about June 25,1966, plaintiff served a notice to examine defendant Frederick Bennett pursuant to article 31 of the CPLR at the office of plaintiff’s attorney in the City of Schenectady. Defendants now move for a protective order pursuant to CPLR 3103 (subd. [a]) to deny and vacate plaintiff’s notice of examination before trial on the grounds that plaintiff’s notice is designed to annoy, embarrass and put the defendant to unnecessary expense.
The purpose of the disclosure provisions of article 31 of the CPLR is to open the door of pretrial inquiry to the point where information material to the issues and normally in possession or control of one party may be obtained by the other, in the interests of truth and justice, and to remove the element of surprise from litigation. (Chester v. Zima, 41 Misc 2d 676.) In establishing a broad and liberal policy of pretrial procedures, *384 the Legislature placed certain safeguards on the use of these, to assure that such use would not result in undue hardship or expense to any litigant. CPLR 3103 provides in substance that the court may make protective orders denying, limiting, conditioning, or regulating the use of any disclosure device. CPLR 3116 (subd. [d]) provides that unless the court orders otherwise, the party taking the deposition shall bear the expense thereof. The Advisory Committee Notes pertaining to this latter section indicate that this is a new rule for New York practice, but that it reflects the former New York practice under the Civil Practice Act, particularly in the vast majority of cases where there are only one plaintiff and one defendant. (See 9 Standard Civ. Prac. Serv., Advisory Committee Notes referred to, p. 243.)
The Civil Practice Act provided the court with a discretionary power in connection with the use of pretrial discovery procedures. (Civ. Prac. Act, §§ 288, 294, 300.) An example of the use of such discretionary power under the Civil Practice Act is found in the case of Faust v. Baeyertz (153 Misc 545). In that case, defendant was a resident of New York when the action was commenced, and later moved to Tennessee. The plaintiff moved to examine the defendant before trial, and defendant opposed the motion. Among other things, defendant argued that if the examination be held and he be required to travel to New York, therefor, the plaintiff should pay the cost of such a trip. The court, in the exercise of its discretion, held that defendant was not entitled to mileage in this situation. The court, in the Faust case, said (p. 546): “ Many examinations would be thwarted by the imposition of conditions. In any event the matter is one of discretion. In this instance the discretion was exercised against the imposition of terms.”
This court finds nothing in the CPLR to indicate a limitation on the exercise of discretion by the court in the matter of awarding mileage or expenses in connection with the taking of testimony in an examination before trial. In considering the instant case, it is difficult to see, nor has defense counsel pointed out, how the defendant will be annoyed, embarrassed or put to unnecessary expense as a result of an examination to be held 200 miles from his home. With modern methods of transportation available, 200 miles is not considered an extreme distance. The court also takes note of the fact that defendant has retained counsel in Schenectady, where the venue of the action is laid. Schenectady appears to be a logical place for the examination to be held,
*385 Defendants’ motion is hereby denied, and the defendant, Frederick Bennett, is directed to appear at the offices of plaintiff’s attorney for an examination before trial, at a time to be agreed on by the parties, and if the parties cannot agree on such a time, the court will fix such time. Submit order.