BRUNSWICK CORPORATION, Appellant, *v.* ÆTNA CASUALTY AND SURETY Co. et al., Respondents.

Fourth Department, February 23, 1967.

*Phillips, Lytle, Yorkey, Letchworth, Hitchcock & Blaine* (*David K. Floyd* of counsel), for appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear* (*Hugh McM. Russ* of counsel), for respondents.

*Per Curiam.* Plaintiff appeals from an order of Erie Special Term which denied its motion to take depositions of insurance adjustors, a special arson agent, and insurance brokers in its action to recover, under a loss payable clause, the fire loss of its conditionally sold property wherein defendants had inter-

posed defenses of concealment, fraud, and arson by the insured to defeat plaintiff's action. The adjustors, Bartholomew and Jones, and the arson agent Conway were shown to have been agents of defendants in their examination of the premises after the fire. Plaintiff, therefore, had the right under CPLR 3101 (subd. [a], par. [1]) to examine them as to all material and necessary matters except privileged matter (subd. [b]), attorneys' work product (subd. [c]), and material prepared for litigation (subd. [d]). The exceptions do not prevent examination respecting observations made by them when they examined the premises before consulting defendants' attorneys or any reports thereof. The attorneys cannot, by retroactive adoption of such observations and reports, convert them into their work product. (*Montgomery Ward Co.* v. *City of Lockport,* 44 Misc 2d 923; *O'Neill* v. *Manhattan & Bronx Surface Tr. Operating Auth.,* 47 Misc 2d 765; 7 Carmody-Wait 2d, New York Practice, § 42:55, p. 97.) Photographs of the premises should also be disclosed. (*Hayward* v. *Willard Mountain,* 48 Misc 2d 1032; 7 Carmody-Wait 2d, New York Practice, § 42:55, p. 97.) Withholding of material such as reports made prior to consultation with defendants' attorneys showing the condition of the property after the fire and before it was refurbished would result in injustice and undue hardship to plaintiff and any such material should be disclosed.

Conway assisted the Hamburg police in their criminal investigation of the case, and all data prepared by him in connection with the investigation were for the assistance of the Hamburg police as well as for defendants, and information regarding the nature, origin, and extent of the fire was given to the police. This destroyed any element of confidentiality in his communications, and the bar of privilege provided for in CPLR 4503 is inapplicable thereto. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4503.15–4503.16; *Doheny* v. *Lacy,* 168 N. Y. 213, 223–224.) The fact that the information sought is also obtainable from the Hamburg police is not a sufficient reason for denying the examination of Conway. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.09; 7 Carmody-Wait 2d, New York Practice, § 42:45, p. 77.) Upon the examination of Conway all reports, photographs, and records prepared by him should be produced.

There being no claim that the testimony of the insurance broker, Daly, and his former employee, Naples, is excepted from disclosure by subdivisions (b), (c) or (d) of CPLR 3101, examination of them should be allowed as to all material and necessary matters.

The order appealed from should be affirmed insofar as it denies production of reports and studies made by Bartholomew and Jones, and insofar as it allows examination of Daly and Naples. It should, however, be modified by:

1. Allowing depositions of Daly and Naples to be taken on all relevant matters concerning the fire and/or the policies, whether occurring before or after the fire.

2. Allowing depositions as heretofore limited of Bartholomew and Jones.

3. Allowing deposition of Conway.

4. Ordering production of any reports and records prepared by Conway.

5. Ordering production of any photographs of the scene.

As so modified, the order should be affirmed, with costs to appellant.

BASTOW, J. P., GOLDMAN, HENRY, DEL VECCHIO and MARSH, JJ., concur.

Order unanimously modified and as modified affirmed, with costs to appellant.