■ VALENTIN KOUMP, Appellant, v. JAMES E. SMITH, Respondent.— In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Rockland County, dated May 29, 1967, which denied his motion for written authorization to secure defendant's hospital record. Plaintiff seeks inspection of defendant's hospital record relating to blood alcohol content and drunkenness at the time of the accident. Order affirmed, without costs. Plaintiff and defendant were involved in an automobile collision after which both were taken to a nearby hospital. Plaintiff claims that a doctor at the hospital called the local police station, told an officer there that the defendant was intoxicated, and that defendant's blood alcohol content is recorded on defendant's hospital record. In his complaint plaintiff alleges that defendant's intoxication caused the collision. Defendant's answer denies the allegation of drunkenness and interposes no affirmative defenses or counterclaims. CPLR 3121 (subd. [a]), insofar as pertinent, provides that: "After commencement of an action in which the mental or physical condition * * * of a party * * * is in controversy, any party may serve notice on another party to submit to a physical, mental * * * examination by a designated physician * * *. The notice may require duly executed * * * written authorizations permitting all parties to obtain, and make

copies of, the records of specified hospitals relating to such mental or physical condition". Clearly, this section permits not only a demand by a defendant for a physical examination of a plaintiff and an inspection by a defendant of a plaintiff's hospital record with respect to the claimed injuries, but in a proper case it also permits a demand by a plaintiff for the physical examination of a defendant and an inspection by a plaintiff of a defendant's hospital record. Nevertheless, CPLR 3101 (subd. [b]) provides that: "Upon objection by a party privileged matter shall not be obtainable" and the discovery and disclosure provisions of the CPLR are limited by this subdivision. (*Coffey* v. *Orbachs, Inc.*, 22 A D 2d 317; *Rios* v. *Donovan*, 21 A D 2d 409; cf. CPLR 4504.) Under these statutes, plaintiff must not only show that defendant's physical condition has been placed "in controversy", as required by CPLR 3121 (subd. [a]), but he must also show that defendant has either waived his right to object under CPLR 3101 (subd. [b]) or, in the alternative, show that the information sought to be obtained is not privileged (cf. Vehicle and Traffic Law, § 1192, subd. 3). In our opinion, plaintiff has failed to sustain his burden of showing either waiver or nonprivilege and, therefore, it is not necessary to determine whether defendant's physical condition has been placed "in controversy". Beldock, P. J., Christ and Martuscello, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse and to grant plaintiff's motion with the following memorandum: The action is brought to recover damages for personal injuries. The complaint alleges that the plaintiff and defendant were involved in a vehicular collision on a public highway; that defendant had consumed alcoholic beverages prior to the collision; that defendant was drunk at the time of the collision; and that the accident resulted from his intoxicated condition. Defendant denied these allegations. There is some indication in the police report that a doctor in the hospital where the defendant had been taken reported that it was his opinion that the defendant was intoxicated. Competent evidence that defendant was intoxicated while operating his motor vehicle at the time of the accident may be admitted at the trial and may be considered with other facts in evidence on the issue of negligence. CPLR 3121 (subd. [a]) permits all parties to obtain and make copies of the records of specified hospitals relating to a party's physical condition when such condition is in controversy. We are of the opinion that whether the defendant was intoxicated at the time of the accident is a matter in controversy and the record is sufficient to entitle the plaintiff to that portion of the hospital record which relates to the defendant's physical condition (cf. *Constantine* v. *Diello*, 24 A D 2d 821; *Chester* v. *Zima*, 41 Misc 2d 676; *Fisher* v. *Fossett*, 45 Misc 2d 757).