John J. Walsh, J.
During the course of a hearing to suppress certain money and keys seized from the defendant at the time of his arrest, it was disclosed by a witness for the prosecution that he had the defendant under surveillance for some time and had obtained a closed-circuit television film of certain of the defendant’s activities during the time prior to his arrest.
The defendant now seeks to inspect all such film under the control or in the possession of the prosecutor and relies upon this court’s ruling in People v. Nassar (59 Misc 2d 1034 and 60 Misc 2d 27).
The prosecution opposes this motion and contends that there are material differences between Nassar and the instant application.
In Nassar, there was a distinct indication that the taped conversation which defendant sought to inspect in advance of trial would not be presented as part of the prosecution’s case. On the argument of this motion, the People indicated that they will introduce the film in evidence as part of its case. In Nassar, this court was following the mandate of Brady v. Maryland (373 U. S. 83) which declared that the prosecution has a duty to disclose, upon request, any evidence favorable and material *853 to the defense. Here, the prosecution has agreed to a disclosure upon the trial.
As Chief Judge Cardozo wrote in People v. Miller (257 N. Y. 54, 59): “ Justice will sometimes be promoted if disclosure of the contents is withheld till the fabric of the proof shall be more fully and closely woven. The rights of a defendant will generally be sufficiently protected if inspection is permitted before the case is closed.”
The People contend that this film is analogous to still photographs which are not subject to pretrial examination. (People v. Leahey, 26 Misc 2d 438; Pettigrew v. State, 163 Tex. Cr. Rep. 194 [photograph of scene]; State ex ret. Regan v. Superior Ct., 102 N. H. 224.)
Two decisions, closely analogous to the present case, should be noted. In State of Louisiana v. Dickson (248 La. 500) motion pictures were taken while the accused was in the act of committing a crime. The court held that it was not error to deny pretrial inspection under a statute which prohibited such inspection of any evidence except a written confession.
In State of Missouri v. Spica (389 S. W. 2d 35, 51 [Mo.]) police officers with knowledge, consent and active co-operation of deceased’s widow recorded conversations between a defendant and the widow and took moving pictures of them. The court held that such recordings and film were not excludable because they were the result of unlawful search and seizure, nor ‘ ‘ in the absence of any statute or rule of general discovery in a criminal case ” was the appellant entitled to inspect in advance of trial, particularly in the absence of a showing that it was necessary to keep the trial fundamentally fair when balanced against the public interest.
Motion to inspect is denied without prejudice to a renewal at the trial in the event that the film is not presented as part of the People’s case.