George A. Reed, J.
This is a murder case in which the victim’s death was caused by multiple stab wounds. The defendant seeks discovery of photographs, in the possession of the prosecution, of the scene and the corpse.
The defendant must demonstrate that discovery of the property is material to the preparation of the defense and that the request is reasonable. In a prior manslaughter case arising out of a motor vehicle accident, this court denied discovery of photographs of the scene. In that case, there were other photographs and other evidence to enable the defendant *615 to prepare his defense so that the element of necessity was lacking.
In this case, defense counsel avers that the photographs are necessary to enable an expert to make a blood spatter analysis which may have a bearing on the manner and violence with which the homicide was committed. Nearly two years have elapsed and there is no other way in which the defendant can obtain such evidence. Although not cited by the parties, the court is not unaware of the decisions in People v Serour (63 Misc 2d 852) and People v Leahey (26 Misc 2d 438) in which discovery of movie and still pictures was denied. (But cf. People v Powell, 49 Misc 2d 624.) The reason advanced by the court in Serour (supra), was that the pictures would be shown by the prosecution at the trial. In this case, the pictures showing the corpse are likely to be so inflammatory that the price extracted from the defendant by requiring him to submit to having the pictures introduced at the trial so that they can be examined by his expert is too high. Where evidence in the possession of the prosecution is such that it would require lengthy expert examination to determine if it is favorable to the accused, the court will grant pretrial examination in the interests of justice and to avoid delay at the trial. (People v Miller, 42 Misc 2d 794.) When evidence in the hands of the prosecution may be favorable to the defendant who has no other way to obtain it, it is said that a "right sense of justice” compels pretrial disclosure. (People v Walsh, 262 NY 140, 150.)
There is no reason why, in a proper case, that photographs would not be subject to discovery. (2 Wharton’s Criminal Procedure [12th ed], § 381, p 377, citing cases both allowing and denying discovery at note 28; American Bar Association Standards Relating to Discovery and Procedure Before Trial, § 2.1[a][v].) A number of cases in this State have allowed pretrial discovery of photographs in civil cases. (Garcia v New York City Tr. Auth., 19 AD2d 530; Bloom v New York City Tr. Auth., 20 AD2d 687; Parker v New York Tel. Co. 47 Misc 2d 342; Board of Educ. of Union Free School v Ace Test Boring, 47 Misc 2d 864; Hayward v Willard Mountain, Inc., 48 Misc 2d 1032.) The right should be no less in a criminal case where the defendant’s liberty is at stake.
The People are entitled to reciprocal discovery of all opinions, reports and test results obtained by the defendant from such discovery.
*616 To avoid turning this motion into a fishing expedition by the defendant, the court, in camera, has inspected the photographs in the possession of the prosecution and has determined that 16 of that number fall within the area sought to be discovered. I order that the prosecution allow the defendant and his attorney and experts to examine the 16 photographs, and to make copies thereof. I further order that within a reasonable time thereafter, and before trial, the defendant disclose to the prosecution all opinions, reports and test results made by defendant’s experts.