OPINION OF THE COURT
Vincent E. Doyle, J.
Motion by defendant for an order, pursuant to CPLR 3124 and 3121 compelling plaintiff to submit to specific tests including "blood work” to permit defendant’s examining physician to complete his physical examination of plaintiff Bedie Evens.
This litigation arises out of an accident which occurred on May 18, 1982 on a sidewalk outside of defendant’s restaurant. Basically, she sustained injuries to her right knee, right elbow, left shoulder and right ankle. Pursuant to notice, a physical examination of plaintiff was conducted by defendant’s examining physician who requested specific laboratory studies be carried out such as CBC (complete blood count), sed rate (for low grade chronic infection), uric acid level (gout), latex fixation (rheumatoid condition) and ANA study. Plaintiff objects to such studies on the grounds that: (1) plaintiff suffered only trauma-related orthopedic injuries, (2) defendant’s exam *768 ining physician is an orthopedist and his examination of plaintiff should be limited to his specialty, (3) the taking of blood is an unreasonable intrusion of plaintiff because the condition of plaintiff’s blood is irrelevant to plaintiff’s injuries, and (4) plaintiffs doctor had done blood work and other tests which were normal and which records were sent to defendant prior to the date of the examination. Defendant’s physician indicates that such tests are advisable where, as here, there are "joint complaints.”
By bringing a personal injury action, plaintiffs physical condition is put in controversy and she must submit to a physical examination (see, Chester v Zima, 41 Misc 2d 676; Siegel, NY Prac § 363). The statute governing such physical exam is CPLR 3121 (a) which permits a physical examination of a party after the commencement of an action in which the mental or physical condition of a party is in controversy. The reason for permitting a physical examination in a personal injury case is to attempt to narrow the areas of medical disputes and to eliminate most of the controversy relating to the medical side in these types of cases (see, Del Ra v Vaughan, 2 AD2d 156; Milam v Mitchell, 51 Misc 2d 948).
As to defendant’s request for a blood test, it is permissible to take a few drops of blood for examination under certain conditions and safeguards so that an analysis of it may aid the examining physician to give an opinion upon the trial (see, Hayt v Brewster, Gordon & Co., 199 App Div 68).
Here, where there is no claim that the plaintiff is in such a physical condition, that a blood test would be injurious to her, the defendant shall be permitted to obtain plaintiffs blood for testing. If plaintiff so desires, the supply of blood may be taken by a physician of her choice (see, Adlerstein v South Nassau Communities Hosp., 109 Misc 2d 158). Furthermore, such tests requested by defendant do not involve any danger to plaintiff, are not painful and are needed by defendant’s examining physician to aid him in his medical findings. Defendant does not have to rely upon similar prior tests conducted by or at the request of plaintiff’s physicians. Defendant is entitled to its own tests by a physician of its own choosing for the purpose of confirmation, refutation and testimony at trial (see, Adlerstein v South Nassau Communities Hosp., supra). Moreover, plaintiff’s argument that such tests requested by defendant’s physician are not relevant to plaintiffs injuries is conclusively refuted by the fact that the very same tests were thought essential by her own treating physician who ordered *769 such tests and considered the results of same in his treatment of the plaintiff.
Finally, whether defendant’s examining physician qualifies as an expert as to the results of the suggested tests is an issue that will be determined at the time of trial.
Accordingly, defendant’s motion to compel plaintiff to take specific tests, including a blood test, as requested by defendant’s examining physician, is granted.